# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

**People ex rel. Glasgow v. Kinney, 2012 IL 113197**

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE *ex rel.* JAMES W. GLASGOW, Petitioner, v. GERALD R. KINNEY, Judge, Respondent. |
| Docket No. | 113197 |
| Filed | May 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Vehicle Code prohibition on probation for a fourth DUI conviction could not be avoided merely because one of the earlier DUIs used for such enhancement was an uncounseled misdemeanor—*mandamus* for sentencing in accordance with statute. |
| Decision Under Review | Original action for *mandamus*. |
| Judgment | Judgment of *mandamus* awarded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Michael M. Glick and Katherine Doersch Saunders, Assistant Attorneys General, of Chicago, of counsel), for petitioner.<br><br>Stephanie Speakman, of Mokena, and Jeffery Tomczak, of Joliet, for respondent Michael Drew. |

Justices                           CHIEF JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner, James W. Glasgow, State's Attorney of Will County, seeks *mandamus* against respondent, the Honorable Gerald R. Kinney, judge of the circuit court of Will County. See Ill. Const. 1970, art. VI, § 4(a). The petitioner requests *mandamus* compelling respondent to: (1) vacate his order granting the motion of defendant, Michael W. Drew, to strike his Bureau County driving while under the influence (DUI) conviction; (2) vacate his sentencing order; (3) deny defendant's motion to "strike"; and (4) sentence defendant in accordance with section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)), and section 5-4.5-35 of the Unified Code of Corrections (730 ILCS 5/5-4.5-35 (West 2008)). For the following reasons, we award *mandamus*.

¶ 2                              I. BACKGROUND

¶ 3    In August 2009, defendant, Michael W. Drew, was charged by indictment with aggravated DUI (625 ILCS 5/11-501(d)(2)(C) (West 2008)), a nonprobationable Class 2 felony. The indictment alleged that on August 7, 2009, defendant committed DUI and that he had three prior DUI violations: (1) a 1985 Will County DUI; (2) a 1990 Cook County DUI; and (3) a 2000 Bureau County DUI. Defendant pleaded guilty to aggravated DUI as charged in the indictment.

¶ 4    At the plea hearing, defendant was permitted to file a motion *in limine* seeking to "strike" his 2000 Bureau County conviction. Citing *People v. Finley*, 209 Ill. App. 3d 968 (1991), defendant argued that his 2000 Bureau County DUI guilty plea was made without legal counsel and, therefore, could not be used to enhance his sentence to a nonprobationable Class 2 felony. In *Finley*, the court held that a prior uncounseled misdemeanor conviction could not be used to enhance a current offense. *Finley*, 209 Ill. App. 3d at 973. In response, the State argued that *Finley* was no longer valid because it was based on *Baldasar v. Illinois*, 446 U.S. 222 (1980), and *Baldasar* was overruled in *Nichols v. United States*, 511 U.S. 738 (1994).

¶ 5    Respondent concluded that he was bound to follow *Finley*, granted defendant's motion *in limine*, and sentenced him to 48 months of probation. Respondent denied the State's subsequent motion to vacate the sentencing order. The State filed a motion with this court for leave to file a complaint seeking *mandamus*. Ill. S. Ct. R. 381(a) (eff. Dec. 29, 2009). We allowed the State's motion for leave to file the complaint.

¶ 6                                    II. ANALYSIS

¶ 7        Before this court, the State contends that respondent erred, as a matter of law, in barring the use of defendant's Bureau County misdemeanor DUI conviction, and it seeks *mandamus* relief from this court. Article VI, section 4(a), of the Illinois Constitution confers discretionary original jurisdiction upon this court to hear *mandamus* cases. Ill. Const. 1970, art. VI, § 4(a). "*Mandamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved." *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 38 (2011). This court will award *mandamus* only when "the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply." *Alvarez*, 241 Ill. 2d at 39.

¶ 8        Section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)) prohibits a court from imposing a probationary sentence for an offender who has three prior DUI violations. Section 11-501(d)(2)(C) provides, in relevant part:

> "A fourth violation of this Section or a similar provision is a Class 2 felony, for which a sentence of probation or conditional discharge may not be imposed." 625 ILCS 5/11-501(d)(2)(C) (West 2008).

¶ 9        In this case, respondent believed that, under *Finley*, defendant's uncounseled Bureau County misdemeanor DUI conviction could not be used to enhance his current offense to a nonprobationable Class 2 felony. In *Finley*, the appellate court held that the use of a defendant's prior uncounseled DUI conviction to enhance his current DUI offense is prohibited by *Baldasar*. Although *Baldasar* was overruled in *Nichols*, the respondent concluded he was bound to follow *Finley*. The respondent believed he was bound to follow *Finley* because *Finley* was never expressly overruled.

¶ 10       Our decision is instructed by the law surrounding this issue. In *Scott v. Illinois*, 440 U.S. 367 (1979), the United States Supreme Court held that a defendant charged with a misdemeanor has no constitutional right to counsel when no sentence of imprisonment is imposed. A year after the *Scott* decision, a majority of the Court held in *Baldasar* that a prior uncounseled misdemeanor conviction, while constitutional under *Scott*, could not be collaterally used to convert a subsequent misdemeanor conviction into a felony under the applicable Illinois sentencing enhancement statute. *Baldasar*, 446 U.S. at 224, 227-28. *Baldasar* was a *per curiam* opinion that provided no single rationale for its result, instead referring to three different concurring opinions to support its judgment. Subsequently, in *Nichols*, the Supreme Court continued its adherence to *Scott*, but overruled *Baldasar* and, instead, adopted the *Baldasar* dissent, holding that an uncounseled conviction that is valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense. *Nichols*, 511 U.S. at 746-48. The *Nichols* court reasoned:

> "Enhancement statutes, whether in the nature of criminal history provisions *** or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." *Nichols*, 511 U.S. at 747.

¶ 11       Defendant contends that *Nichols* is inapplicable here because it only addressed enhanced sentences and did not address whether a prior uncounseled conviction could be used to support a sentence of mandatory imprisonment. We disagree.

¶ 12    *Nichols* drew no distinction between enhancements that lengthen a term of imprisonment and enhancements that result in a mandatory term of imprisonment. To the contrary, *Nichols* held that "an uncounseled conviction valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense, *even though that sentence entails imprisonment*." (Emphasis added.) *Nichols*, 511 U.S. at 746-47. *Nichols* recognized that enhancement statutes, or "recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." *Nichols*, 511 U.S. at 747. In fact, the Supreme Court "consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant." (Internal quotation marks omitted.) *Nichols*, 511 U.S. at 747.

¶ 13    *Nichols* plainly held that "an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols*, 511 U.S. at 749. Section 11-501(d)(2)(C) is precisely the type of recidivist statute contemplated by the *Nichols* decision, providing enhanced sentences for repeat offenders. We therefore reject defendant's argument that *Nichols* did not address whether a prior uncounseled conviction could be used to support a sentence of mandatory imprisonment.

¶ 14    In accordance with *Nichols*, we conclude that a valid uncounseled misdemeanor conviction is also valid when used to enhance punishment in a subsequent conviction. *Finley*'s holding was based entirely on *Baldasar*, and *Baldasar* was expressly overruled by *Nichols*. Thus, we overrule *Finley*.

¶ 15                                        III. CONCLUSION

¶ 16    For the foregoing reasons, we award *mandamus* and order respondent to: (1) vacate his order granting the motion of defendant, Michael W. Drew, to "strike" his Bureau County DUI conviction; (2) vacate his sentencing order; (3) deny defendant's motion to strike; and (4) sentence defendant in accordance with section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)) and section 5-4.5-35 of the Unified Code of Corrections (730 ILCS 5/5-4.5-35 (West 2008)).

¶ 17    Judgment of *mandamus* awarded.