# Illinois Official Reports

## Supreme Court

<div style="border">

### *People ex rel. Glasgow v. Carlson*, 2016 IL 120544

</div>

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* JAMES W. GLASGOW, Petitioner, v. HONORABLE DAVID M. CARLSON *et al.*, Respondents. |
| Docket No. | 120544 |
| Filed | December 1, 2016 |
| Decision Under Review | Original action for *mandamus*. |
| Judgment | Judgment of *mandamus* awarded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Evan B. Elsner, Assistant Attorneys General, of Chicago, of counsel), for petitioner.<br><br>No brief filed for respondents. |
| Justices | JUSTICE KILBRIDE delivered the judgment of the court, with opinion.<br>Chief Justice Karmeier and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion. |

¶ 1    Petitioner, James W. Glasgow, State's Attorney of Will County, seeks *mandamus* pursuant to Illinois Supreme Court Rule 381 (eff. Jan. 1, 2016) against respondent, the Honorable David M. Carlson, judge of the circuit court of Will County. Petitioner asks this court to compel respondent to (1) vacate its January 6, 2016, sentencing order, (2) classify as a Class 2 felony Mitchell Harper's third violation of Illinois's driving while under the influence (DUI) statute of the Illinois Vehicle Code (625 ILCS 5/11-501 *et seq.* (West 2014)), and (3) resentence defendant as a Class X offender pursuant to section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2014)). For the following reasons, we award *mandamus.*

¶ 2                                    BACKGROUND

¶ 3    In June 2014, defendant, Mitchell Harper, was charged by indictment with Class 2 felony aggravated DUI (625 ILCS 5/11-501(a)(2), (d)(2)(B) (West 2014)). The indictment alleged that on March 23, 2014, defendant operated a vehicle while under the influence of alcohol and that he had two prior DUI convictions: (1) a 1994 DUI conviction in Georgia and (2) a 2013 DUI conviction in Illinois.

¶ 4    Following a bench trial in July 2015, the circuit court found defendant guilty of aggravated DUI. The court, however, continued sentencing and postponed its review of defendant's prior DUI convictions and additional criminal history.

¶ 5    At the initial sentencing hearing in November 2015, the circuit court expressed skepticism on whether defendant's DUI conviction should be classified as a Class 2 felony for sentencing purposes. The court explained, "[a]lthough the indictment alleges a [C]lass 2 felony, I may not necessarily agree with that based upon the statutory provisions."

¶ 6    The State first provided the circuit court with certified copies of defendant's two prior DUI convictions in Georgia and Illinois. Because defendant's DUI conviction in this case constituted his third DUI conviction, the State argued that it was aggravated DUI and a Class 2 felony under subsection (d)(2)(B), as charged in the indictment. The State acknowledged that a separate provision, subsection (d)(2)(A), generally classified aggravated DUI as a Class 4 felony. Nonetheless, the State argued that because defendant was charged under subsection (d)(2)(B), that provision's express classification of the offense as a Class 2 felony must control. For support, the State cited to the appellate court's decision in *People v. Mischke*, 2014 IL App (2d) 130318, that reached the same conclusion.

¶ 7    In turn, the State argued that defendant was subject to a mandatory Class X sentence on his third DUI conviction based on his prior criminal record. Specifically, the State noted that defendant's record included a 1989 Class 2 felony conviction, a 1981 Class X felony conviction, and a 1980 Class 2 felony conviction.

¶ 8    The circuit court, however, continued to express doubt that defendant's third DUI conviction should be classified as a Class 2 felony. The court repeatedly asked the State to explain when a third DUI conviction would ever be classified as a Class 4 felony. The court also suggested that the State was asking the court to ignore subsection (d)(2)(A), that generally defined aggravated DUI as a Class 4 felony.

¶ 9    Defendant argued that the statutory provisions were ambiguous on the issue of felony classification. Defendant questioned why the DUI statute "went from a second offense being a misdemeanor to a third offense being a class two." Defendant urged the circuit court to "err towards lenity and take the lesser offense." At the close of arguments, the court continued sentencing.

¶ 10    At the subsequent hearing on January 6, 2016, the circuit court was again critical of the State's position that defendant's third DUI conviction should be treated as a Class 2 felony rather than a Class 4 felony. The court quoted a passage from the "DUI Traffic Illinois Judicial Bench Book Third Edition" that referenced an "apparent irreconcilability" between the felony classifications related to a third DUI conviction. Ultimately, the court determined that those provisions were "completely inconsistent." The court then sentenced defendant as a Class 4 offender to 24 months of probation.

¶ 11    On February 1, 2016, the circuit court held a hearing on its own motion to clarify its January 6 sentencing decision. At this hearing, the court explained its prior decisions as follows:

"I had sentenced the [d]efendant as a Class 4 offender on an—arguably a Class 2 DUI offense for a third violation of the statute. The court found that the statute was inconsistent, and one of the things I cited was the Third Edition Benchbook, and I went back through and I found that there is not only a Fourth Edition, but there is also a Fifth Edition, and I want to make part of the record what the Fifth Edition says about the *** issues regarding the statute and I gave a copy of this to [the parties in this case]."

The court then read into the record excerpts from the Fifth Edition Benchbook, including a discussion on a possible sentencing inconsistency in the DUI statute and the potential need to apply the rule of lenity. The court also rejected two appellate court decisions that "seem[ed] to say" that any defect or inconsistency in the DUI statute was remedied by charging a defendant with Class 2 felony aggravated DUI under subsection (d)(2)(B).

¶ 12    The State moved for leave to file a complaint for writ of *mandamus*. Ill. S. Ct. R. 381 (eff. Mar. 1, 2001). We allowed the State's motion for leave to file the complaint.

¶ 13                                    ANALYSIS

¶ 14    Before this court, the State contends that the circuit court erred, as a matter of law, when the court found the applicable provisions of section 11-501 of the Illinois Vehicle Code inconsistent, determined that defendant's aggravated DUI conviction was a Class 4 felony, and sentenced defendant to probation. The State maintains that defendant's third DUI conviction, as charged under subsection (d)(2)(B) (625 ILCS 5/11-501(d)(2)(B) (West 2014)), is a Class 2 felony that subjects defendant to a mandatory Class X sentence based on his criminal history. Consequently, the State asserts that it is entitled to *mandamus* relief.

¶ 15    Under the Illinois Constitution, this court has discretionary original jurisdiction to hear *mandamus* cases. *People ex rel. Glasgow v. Kinney*, 2012 IL 113197, ¶ 7 (citing Ill. Const. 1970, art. VI, § 4(a)). As we have explained, " '[m]*andamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved.' " *Glasgow*, 2012 IL 113197, ¶ 7 (quoting *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 38 (2011)). This court awards *mandamus* relief only when "the petitioner establishes a

clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply." *Alvarez*, 241 Ill. 2d at 39.

¶ 16　　The controversy in this case involves the proper construction of section 11-501 and its sentencing provisions, particularly on a third DUI conviction. Because the issue presents a pure question of law, our review is *de novo*. *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 363 (2005); see also *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (explaining that "only issues of law will be considered in original actions for *mandamus*").

¶ 17　　Our primary goal when construing a statute is to determine and give effect to the legislature's intent. *People v. Fiveash*, 2015 IL 117669, ¶ 11. Because the most reliable indicator of legislative intent is the statutory language itself, we must give the language its plain and ordinary meaning whenever possible. *Fiveash*, 2015 IL 117669, ¶ 11. A reviewing court must enforce clear and unambiguous statutory provisions as written, and it should not read into the statute exceptions, conditions, or limitations not expressed by the legislature. *In re N.C.*, 2014 IL 116532, ¶ 50. Section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501 *et seq.* (West 2014)) establishes a detailed framework for the offense of driving while under the influence of alcohol, other drugs, or intoxicating compounds and aggravated forms of DUI. The provision also contains extensive sentencing guidelines.

¶ 18　　Subsection (a) of section 11-501 defines the offense of DUI and prohibits an individual from driving or controlling a vehicle under the influence of alcohol, other drugs, or intoxicating compounds. See 625 ILCS 5/11-501(a)(1) to (a)(6) (West 2014) (defining the offense of DUI). With exceptions not relevant here, a first violation is generally a Class A misdemeanor (625 ILCS 5/11-501(c)(1) (West 2014)), while a second violation subjects the offender to a mandatory term of either 5 days' imprisonment or 240 hours of community service (625 ILCS 5/11-501(c)(2) (West 2014)).

¶ 19　　A third or higher violation of section 11-501, however, is considered aggravated DUI and subjects the offender to stiffer penalties. Specifically, subsection (d)(1)(A) provides that a person is guilty of aggravated DUI if that person commits a DUI offense "for the third or subsequent time." 625 ILCS 5/11-501(d)(1)(A) (West 2014). For purposes of this appeal, it is worth noting that committing a third DUI is only one of several ways to be guilty of aggravated DUI under section 11-501. See 625 ILCS 5/11-501(d)(1)(B) to (d)(1)(L) (West 2014) (identifying other circumstances that constitute aggravated DUI, none predicated on the commission of a third DUI).

¶ 20　　The sentencing parameters for aggravated DUI, including the applicable felony classes, are contained in subsection (d)(2) of section 11-501. Initially, that provision provides the baseline felony class for aggravated DUI: "Except as provided otherwise, a person convicted of aggravated driving under the influence of alcohol *** is guilty of a Class 4 felony." 625 ILCS 5/11-501(d)(2)(A) (West 2014). The next nine subsections, (d)(2)(B) to (d)(2)(J), detail factors that can elevate aggravated DUI to higher class felonies and, in some instances, impose mandatory and minimum sentences.

¶ 21　　Particularly relevant here, subsection (d)(2)(B) provides that "[a] third violation of this Section or a similar provision is a Class 2 felony." 625 ILCS 5/11-501(d)(2)(B) (West 2014). For each successive violation of section 11-501, the potential penalty is enhanced by either eliminating the possibility of probation or elevating the corresponding felony class. Specifically, a fourth violation is a nonprobationable Class 2 felony (625 ILCS

5/11-501(d)(2)(C) (West 2014)), a fifth violation is a nonprobationable Class 1 felony (625 ILCS 5/11-501(d)(2)(D) (West 2014)), and a sixth or successive violation is a Class X felony (625 ILCS 5/11-501(d)(2)(E) (West 2014)).

¶ 22 The remainder of the sentencing provisions in subsection (d)(2) apply to specific factual situations not implicated in this action, ranging from the commission of DUI that results in injury or death to committing DUI while transporting one or more passengers in a vehicle for hire. See 625 ILCS 5/11-501(d)(2)(F) to (d)(2)(J) (West 2014) (detailing sentencing requirements for aggravated DUI).

¶ 23 Reviewing the plain meaning of section 11-501, it is clear that the legislature meticulously prescribed unambiguous sentencing requirements and classifications for aggravated DUI, going from a baseline Class 4 felony classification (625 ILCS 5/11-501(d)(2)(A) (West 2014)) to a Class X felony classification for a sixth DUI conviction (625 ILCS 5/11-501(d)(2)(E) (West 2014)). As this court has explained, "[s]ection 11-501 therefore operates just as any other statute which initially sets forth the elements of the offense, and then, in a separate section, provides sentencing classifications based on other factors." *People v. Van Schoyck*, 232 Ill. 2d 330, 337 (2009).

¶ 24 Applying section 11-501 to defendant's case, we necessarily conclude that defendant's third DUI conviction constitutes aggravated DUI and is a Class 2 felony, as charged in the indictment. Without question, subsection (d)(2)(B) demonstrates unambiguous legislative intent to classify a third DUI conviction as a Class 2 felony. See 625 ILCS 5/11-501(d)(2)(B) (West 2014) (providing that "[a] third violation of this Section or a similar provision is a Class 2 felony").

¶ 25 The sentencing provisions of section 11-501 are complex, especially on the aggravated forms of DUI. Nevertheless, the circuit court's decision to prioritize the baseline Class 4 felony provision in subsection (d)(2)(A) over subsection (d)(2)(B) conflicts with other pertinent statutory language. Critically, subsection (d)(2)(A) contains a qualification that "*[e]xcept as provided otherwise*, a person convicted of aggravated driving under the influence of alcohol *** is guilty of a Class 4 felony." (Emphasis added.) 625 ILCS 5/11-501(d)(2)(A) (West 2014). In our view, this qualification demonstrates unambiguous legislative intent to classify aggravated DUI as a Class 4 felony *only if* no other provision in section 11-501 is applicable.

¶ 26 Here, subsection (d)(2)(B) of section 11-501 applies, as charged in the indictment. As we have determined, the plain language of subsection (d)(2)(B) unequivocally provides that a third DUI conviction is a Class 2 felony. 625 ILCS 5/11-501(d)(2)(B) (West 2014). This clear and unambiguous provision must be enforced as written. *In re N.C.*, 2014 IL 116532, ¶ 50.

¶ 27 Our appellate court has similarly concluded that an offender's third DUI conviction is aggravated DUI and is a Class 2 felony under subsection (d)(2)(B) of section 11-501 of the Illinois Vehicle Code. See *People v. Mischke*, 2014 IL App (2d) 130318, ¶ 22 (concluding that subsection (d)(2)(B) "require[s] that a person with two prior nonaggravated DUI offenses be sentenced, upon his third DUI offense, as a Class 2 offender"); *People v. Morris*, 2014 IL App (1st) 130152, ¶ 54 (determining that two prior DUI convictions can be used to elevate a third DUI to a Class 2 felony). It is axiomatic that this authority was binding on the circuit court. See, *e.g.*, *People v. Carpenter*, 228 Ill. 2d 250, 259-60 (2008) (explaining that an applicable Illinois appellate court decision must be followed by an Illinois circuit court because it constitutes binding precedent).

¶ 28 It is neither inconsistent nor illogical to conclude that a third DUI conviction is subject to a higher felony classification when section 11-501 of the Illinois Vehicle Code is viewed in its entirety. See *People v. Chapman*, 2012 IL 111896, ¶ 23 (explaining that when construing a statutory provision, "we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in passing it."). As our appellate court has aptly observed, the escalating penalties and felony classifications for successive DUI convictions in section 11-501 demonstrate "the General Assembly's intention to penalize repeat [DUI] offenders more severely." *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 35.

¶ 29 The circuit court also relied on excerpts from various editions of an Illinois judicial benchbook that suggested or implied a potential inconsistency in the section 11-501 sentencing provisions. We caution our circuit courts, however, that a benchbook is to be used only as a practical legal reference guide. Thus, a benchbook should not be viewed or treated as authoritative precedent. See, *e.g.*, Administrative Office of the Illinois Courts, Illinois Judicial Benchbook on DUI/Traffic (5th ed. 2015) (explaining that a "[b]enchbook has no precedential value, is not intended to be cited by courts or litigants as authority in pleadings, rulings or otherwise, and is not a substitute for reading the statutes and cases cited herein").

¶ 30 Accordingly, we conclude that defendant's third DUI conviction constitutes aggravated DUI and must be treated as a Class 2 felony under the plain language of subsection (d)(2)(B) of section 11-501. Because the record shows that defendant has at least two prior Class 2 felony or higher convictions, he must be sentenced as a Class X offender on his aggravated DUI conviction in this case. 730 ILCS 5/5-4.5-95(b) (West 2014); see also *Morris*, 2014 IL App (1st) 130152, ¶ 54 (affirming a Class X sentence on a defendant who was convicted of Class 2 felony aggravated DUI).

¶ 31                                        CONCLUSION

¶ 32 For these reasons, we award *mandamus* and order respondent to (1) vacate its January 6, 2016, sentencing order, (2) classify defendant's third violation of section 11-501 of the Illinois Vehicle Code as a Class 2 felony, and (3) resentence defendant as a Class X offender based on his prior criminal history.

¶ 33 Judgment of *mandamus* awarded.