# Illinois Official Reports

## Supreme Court

---

### *People ex rel. Berlin v. Bakalis*, **2018 IL 122435**

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* ROBERT B. BERLIN, Petitioner, v. HONORABLE GEORGE J. BAKALIS, Respondent. |
| Docket No. | 122435 |
| Filed | March 22, 2018 |
| Rehearing denied | May 29, 2018 |
| Decision Under Review | Original action for *mandamus*. |
| Judgment | Judgment of *mandamus* awarded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Robert B. Berlin, State's Attorney, of Wheaton (David L. Franklin, Solicitor General, Michael M. Glick and Leah M. Bendik, Assistant Attorneys General, of Chicago, and Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for petitioner.<br><br>No brief filed for respondent.<br><br>Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and April D. Kentala, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for defendant Frank P. Gilio. |

Justices                  JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      Petitioner Robert B. Berlin, State's Attorney of Du Page County, seeks *mandamus* pursuant to Illinois Supreme Court Rule 381 (eff. July 1, 2017) against respondent, the Honorable George J. Bakalis, judge of the circuit court of Du Page County. Petitioner asks this court to direct the circuit court to vacate defendant's one-year term of mandatory supervised release (MSR) and impose the mandatory four-year MSR term required under section 5-8-1(d)(6) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(6) (West 2014)). For the following reasons, we award *mandamus*.

¶ 2                             BACKGROUND

¶ 3      On September 22, 2015, defendant, Frank Gilio, entered a partially negotiated guilty plea to one count of violating an order of protection, a Class 4 felony based on his prior conviction for violation of an order of protection (720 ILCS 5/12-3.4(d) (West 2014)). The parties did not agree to a sentence in exchange for the plea, but the State agreed not to prosecute two counts of aggravated battery of a peace officer and a second count of violating an order of protection.

¶ 4      Prior to entry of the plea, the trial court explained that the charged offense was a Class 4 felony carrying a sentencing range of one to six years' imprisonment. In relevant part, the court misstated that the offense required a one-year term of MSR. The court also admonished defendant on his rights to a trial and the consequences of waiving those rights and confirmed that he was pleading guilty voluntarily.

¶ 5      In presenting the factual basis for the plea, the State noted that an order of protection had been entered and served on defendant. The order of protection prohibited defendant from contacting or being on the residential property of the victim, Susan Foutch. It was effective from June 2013 through June 2015. The victim would testify that on April 26, 2015, while she was home, she observed defendant knock on her window. Defendant stipulated that the State's witnesses would testify substantially in that manner.

¶ 6      The trial court accepted the plea agreement and found defendant guilty of violation of an order of protection. The court then ordered a presentence investigation and scheduled sentencing. After the sentencing hearing, the court sentenced defendant to three years' imprisonment and one year of MSR.

¶ 7      At the State's request approximately a year later, the trial court held a hearing on defendant's MSR term. Defendant was present but not represented by counsel. At the hearing, the following colloquy, in its entirety, occurred:

      "MS. KING [(ASSISTANT STATE'S ATTORNEY)]: *** Judge, I writ the defendant in. IDOC sent a letter indicating that on the sentence order it had the incorrect term for MSR on the defendant's sentence. He was sentenced to one year of

mandatory supervised release, but statutorily it should be four years. So it was an incorrect sentence.

THE COURT: Okay. And it's four years because of the—

MS. KING: By statute because of the violation order.

THE COURT: Okay. [Defendant], do you understand what they're telling you [that] you have?

DEFENDANT: Not really.

THE COURT: Apparently by statute I have no control over that.

DEFENDANT: A year later just give me three more years?

THE COURT: That's not jail time.

DEFENDANT: It's the same thing.

THE COURT: It's probation time.

DEFENDANT: It can be the same thing.

THE COURT: I understand.

DEFENDANT: I [*sic*] can be the same thing.

THE COURT: By statute that apparently is the requirement. If you want to speak to one of the public defenders, they can talk to [you] about any other options you might have.

DEFENDANT: I will just motion the case back up when I get out. I have two months, right?

THE COURT: Okay. Give me an amended order. Indicate four years of mandatory supervised release."

¶ 8        The following day, defendant was released from prison onto MSR. Soon after, defendant filed a *pro se* motion seeking to "correct" the mittimus to reflect the trial court's original imposition of a one-year MSR term. The circuit court appointed an attorney from the public defender's office to represent defendant.

¶ 9        In March 2017, defendant's counsel filed an amended petition for postconviction relief. Defendant argued that he would not have entered a guilty plea if he had been properly advised that his plea would subject him to a mandatory four-year term of MSR. Citing this court's decision in *People v. Castleberry*, 2015 IL 116916, defendant asserted that the trial court did not have authority to *sua sponte* increase a statutorily nonconforming sentence. Defendant asked the court to either vacate his conviction and proceed to trial or reimpose the original one-year MSR term.

¶ 10        The State filed a motion to dismiss, arguing that defendant did not provide any evidence that he pleaded guilty in reliance on the incorrect MSR admonishments or that he was prejudiced. While acknowledging that *Castleberry* prohibited the trial court from increasing defendant's MSR term, the State maintained that defendant should not be allowed to withdraw his guilty plea.

¶ 11        The circuit court initially denied the State's motion to dismiss but later granted its oral motion to reconsider. On reconsideration, the court dismissed defendant's petition and also vacated its amended sentencing order that imposed the mandatory four-year MSR term. Citing

*Castleberry*, the court explained that the only option for the State to correct defendant's sentence to conform to the sentencing statute was a *mandamus* action in this court.[1]

¶ 12　　The State moved for leave to file a complaint seeking *mandamus* relief. Ill. S. Ct. R. 381 (eff. July 1, 2017). We allowed the State's motion.

¶ 13　　　　　　　　　　　　　　　　ANALYSIS

¶ 14　　The State argues that it is entitled to *mandamus* relief because the circuit court had no discretion to impose anything other than four years of MSR on defendant's conviction for a Class 4 felony violation of an order of protection. Additionally, the State contends that this court should amend our rules to permit statutorily unauthorized sentences to be corrected at any time by motion in the circuit court. The State asserts that its proposed rule change would serve the interests of judicial economy.

¶ 15　　In response, defendant agrees with the State that *mandamus* relief is warranted because the applicable sentencing statute requires a four-year term of MSR, but he disagrees with the nature of that relief. Defendant argues that this court should vacate the trial court's sentencing order and remand for a new sentencing hearing rather than simply direct the circuit court to impose the four-year MSR term. Defendant also disagrees with the State's request for this court to announce a new rule in this opinion.

¶ 16　　The extraordinary remedy of *mandamus* compels a public official to perform a purely ministerial duty that does not involve an exercise of discretion. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 15. This court has discretionary original jurisdiction to consider requests for *mandamus* relief under the Illinois Constitution. *People ex rel. Glasgow v. Kinney*, 2012 IL 113197, ¶ 7 (citing Ill. Const. 1970, art. VI, § 4(a)). We will award *mandamus* relief "only when 'the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply.' " *Carlson*, 2016 IL 120544, ¶ 15 (quoting *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011)).

¶ 17　　This case requires us to construe the applicable sentencing provisions to determine the appropriate MSR term for defendant's conviction of a Class 4 felony violation of an order of protection (720 ILCS 5/12-3.4(d) (West 2014)). We review *de novo* that pure question of law. *Carlson*, 2016 IL 120544, ¶ 16.

¶ 18　　It is undisputed that defendant's conviction for violation of an order of protection is a Class 4 felony based on his prior conviction for that same offense. 720 ILCS 5/12-3.4(d) (West 2014). It is also undisputed that section 5-8-1(d)(6) of the Unified Code of Corrections requires that defendant's sentence on that conviction include a mandatory four years of MSR. See 730 ILCS 5/5-8-1(d)(6) (West 2014) (MSR term "shall" be four years for a felony violation of an order of protection). Given the four-year MSR term was statutorily mandated, the trial court in this case had no discretion but to impose that term on defendant. See *Round v. Lamb*, 2017 IL 122271, ¶ 16 (concluding that an MSR term is included in a criminal sentence "as a matter of

---

[1]Defense counsel stated at oral argument that defendant filed an appeal from the circuit court's dismissal of his postconviction petition. Although not apparent from the record here, this court's record system shows a pending appeal from the circuit court's dismissal order (People v. Gilio, No. 2-17-0624).

law" in Illinois). Consequently, as defendant correctly concedes, the State has proved a clear right to its requested relief.

¶ 19    Although agreeing that the State is entitled to *mandamus* relief, defendant contends that this court should vacate the trial court's sentencing order and remand for a new sentencing hearing rather than granting the State's requested relief to direct the trial court to amend its sentencing order to impose the mandatory four-year MSR term. Defendant argues that amending the existing sentencing order to reflect the correct MSR term is inadequate because the trial court may want to exercise its discretion to shorten his prison term in light of his increased MSR term.

¶ 20    We disagree with defendant that a new sentencing hearing is necessary. Defendant's guilty plea was partially negotiated—the State agreed not to prosecute three charges but did not agree to a specific sentence. In other words, defendant did not plead guilty with the expectation that he would receive a particular sentence. See *People v. Whitfield*, 217 Ill. 2d 177, 195-202 (2005) (discussing due process concerns related to a "benefit of a bargain" argument raised by a guilty-plea defendant).

¶ 21    The record does not support defendant's suggestion that the trial court would be inclined to reduce his prison term. Specifically, after the State brought the MSR error to the trial court's attention, the court observed that the four-year MSR term was "statutorily required" and offered to appoint the public defender to discuss "any other options" with defendant. Notably, though, the court made no indication that it wanted to reconsider its original decision to sentence defendant to three years' imprisonment.

¶ 22    Under these circumstances, there is no reason to remand for a new sentencing hearing. See *Round*, 2017 IL 122271, ¶ 26 (stating that the appropriate remedy in a *mandamus* action "depends on the unique facts and circumstances of each case"). Nor is there any jurisdictional bar to correcting a defendant's sentence in a *mandamus* action to comport with a mandatory sentencing statute. *People ex rel. Alvarez v. Gaughan*, 2016 IL 120110, ¶¶ 20-21.

¶ 23    If defendant wants to challenge his corrected sentence when the mandatory four-year MSR term is imposed by the circuit court following this *mandamus* action, we agree with the State's position that "defendant can decide whether to pursue a subsequent challenge to that new judgment." Of course, we express no opinion on any future challenge raised by defendant.

¶ 24    The State also requests that we announce a new rule in this opinion to "fill the void left by the now-abrogated void sentence rule" following our decision in *Castleberry*. Specifically, the State urges this court to create a rule to allow statutorily unauthorized sentences to be corrected at any time by motion in the circuit court.[2]

¶ 25    Defendant opposes announcing a new rule in this opinion on the grounds that the proposed rule presents practical difficulties in implementation, could prove inequitable, and is unnecessary to resolve the controversy in this appeal. Defendant further argues that the State failed to make a compelling case for this court to suspend its normal rulemaking process.

¶ 26    Illinois Supreme Court Rule 3 (eff. July 1, 2017) governs the rulemaking procedure used by this court. Typically, a proposed rule or amendment to an existing rule is considered by our rules committee and involves a public hearing process for adversarial testing. This court,

_____

[2]The State makes an almost identical request for a new rule in People v. Vara, No. 121823, a case currently pending before this court.

however, has expressly reserved the prerogative to depart from that process. Ill. S. Ct. R. 3(a)(2) (eff. July 1, 2017); see also *In re B.C.P.*, 2013 IL 113908, ¶ 17 (declining to refer a proposed rule amendment to the rules committee). While we have reserved the right to suspend the ordinary rulemaking process, we have explained that "[b]ypassing the rules committee and public hearing process and amending the rule in an opinion of this court is a power that this court exercises sparingly." *In re Michael D.*, 2015 IL 119178, ¶ 27.

¶ 27 We decline the State's request to announce a rule in this opinion and circumvent the normal procedure under Rule 3. As the State acknowledged at oral argument, implementing its proposed rule involves complicated policy questions that would benefit from a deliberative rulemaking process. Indeed, the State clarified at oral argument that it would not oppose referral of its proposed rule to the committee. Ultimately, we believe that the State's proposed rule change should be addressed by the rules committee and the public hearing process. Accordingly, we refer the State's proposal to the rules committee.

¶ 28                                                        CONCLUSION

¶ 29 We award *mandamus* and order the circuit court to vacate defendant's one-year term of MSR and impose the mandatory four-year MSR term required under section 5-8-1(d)(6) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(6) (West 2014)).

¶ 30 Judgment of *mandamus* awarded.