NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210379-U

NO. 4-21-0379

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 26, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ALAN M. HUGHEY, | ) | No. 19CF1387 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ronda D. Holliman, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant is entitled to vacatur of one of his aggravated DUI convictions under
the one-act, one-crime rule, but he did not establish error as to his remaining
conviction and sentence.

¶ 2          In September 2019, the State charged defendant, Alan M. Hughey, by information

with two counts of aggravated driving under the influence (DUI) of alcohol (625 ILCS

5/11-501(d)(2)(C) (West 2018)), a Class 2 felony, based on defendant having three prior DUI

convictions. After a March 2021 jury trial, the jury found defendant guilty of both counts.

Defendant filed a motion for acquittal or, in the alternative, a new trial. At a joint July 2021

hearing, the Champaign County circuit court denied defendant's posttrial motion and then

addressed sentencing. The State presented evidence of defendant's three prior DUI convictions,

and the parties agreed defendant was subject to Class 2 sentencing, which is a sentencing range

of three to seven years in prison (730 ILCS 5/5-4.5-35(a) (West 2018)). After hearing the

parties' arguments, the court sentenced defendant to two concurrent prison terms of five years. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 3     Defendant appeals, contending (1) the State's evidence was insufficient to prove him guilty beyond a reasonable doubt of aggravated DUI; (2) one of his aggravated DUI convictions should be vacated under the one-act, one-crime rule; and (3) the trial court erred by failing to consider a statutory mitigating factor in sentencing him. We affirm in part and remand in part.

¶ 4                                    I. BACKGROUND

¶ 5     The State's two charges alleged defendant committed the offense of aggravated DUI under section 11-501(d)(2)(C) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501(d)(2)(C) (West 2018)), when he was driving or in actual physical control of a motor vehicle on July 12, 2019. The charges also asserted defendant had three times previously committed violations of the DUI statute or a similar provision. Specifically, count I contended defendant was under the influence of alcohol when he drove or was in control of a motor vehicle (625 ILCS 5/11-501(a)(2) (West 2018)), and count II alleged defendant had an alcohol concentration in his blood or breath of 0.08 or more when he drove or was in control of a motor vehicle (625 ILCS 5/11-501(a)(1) (West 2018)).

¶ 6     In March 2021, the trial court held a jury trial on the two charges. The State did not present any evidence regarding defendant's prior DUI convictions, and the jury instructions were for DUI with no mention of the prior DUI convictions (see Illinois Pattern Jury Instructions, Criminal, Nos. 23.17 through 23.20 (approved Dec. 8, 2011)). The jury found defendant guilty of both counts. After the verdict, the State moved to revoke defendant's bond, noting defendant had been found guilty of nonprobationable Class 2 felonies. Defense counsel

objected but did recognize the minimum sentence was three years' imprisonment. The court granted the State's motion to revoke defendant's bond, noting the offense was nonprobationable. Defendant filed a timely posttrial motion.

¶ 7        On May 13, 2021, the trial court held a joint hearing on defendant's posttrial motion and sentencing. After hearing the parties' arguments, the court denied defendant's posttrial motion. The court began the sentencing hearing by having the State provide evidence of defendant's prior DUI convictions. The court admitted the State's exhibits, which included defendant's certified driving abstracts for Illinois and Tennessee. Defendant raised no objections to the State's exhibits. He also presented a letter from Jim Pierce, who described defendant as a good friend and a hard worker. The presentence investigation report stated defendant was 66 years old. Defendant described his current physical condition as " 'fair' " and reported he had been suffering from a hernia since November 2020 because of some heavy lifting. He was taking ibuprofen as needed while in jail for the hernia pain. Defendant did not report taking any medications prescribed by a doctor or any history of serious illnesses.

¶ 8        The State argued defendant should receive the maximum sentence of seven years and noted his conduct threatened serious harm, his criminal record, and his drinking problem which he would not acknowledge. The State also argued a lengthy sentence was needed to deter others from repeatedly driving while impaired. Defense counsel asked the court to sentence defendant to the minimum sentence of three years' imprisonment. He noted defendant's hernia had worsened since his incarceration. Defense counsel also stated defendant had a difficult childhood, was a hard worker, and was not a career criminal.

¶ 9        Defendant spoke in allocution and stated he was 67 years old. He noted his hernia was getting much worse, and he took two ibuprofen tablets twice a day to keep the swelling

down. The prison doctor told defendant the hernia needed to be "stitched up." Defendant also had an issue with his teeth and still needed surgery so his dentures would fit properly. Moreover, due to exposure to chemicals during his various jobs, defendant had some breathing issues. Defendant also explained he had a good work history and a good driving record as a truck driver.

¶ 10 After hearing all the arguments and evidence, the trial court sentenced defendant to two concurrent prison terms of five years. The court believed neither the minimum nor the maximum sentence was appropriate. It noted the maximum was not appropriate when giving due consideration to all the factors in mitigation, such as defendant's long history of employment, his age, the fact he had never committed a DUI while truck driving, his long history of successful truck driving, and the fact he was a good friend to Pierce. The court did not find any statutory mitigating factors applied.

¶ 11 On June 7, 2021, defendant filed a timely motion to reconsider his sentence, asserting his sentence was excessive in light of his medical issues. He also argued the trial court gave inadequate consideration to his health condition as a mitigating factor. After a July 1, 2021, hearing, the court denied defendant's motion to reconsider his sentence.

¶ 12 On July 1, 2021, defendant filed his timely notice of appeal in compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 13 II. ANALYSIS

¶ 14 A. Sufficiency of the Evidence

¶ 15 Defendant contends the State's evidence was insufficient to prove beyond a reasonable doubt he committed the offense of aggravated DUI because the State failed to present any evidence of his prior DUI convictions at trial. Specifically, he argues the structure of the

DUI statute, which contains a separate subsection for aggravated DUI (see 625 ILCS 5/11-501(d) (West 2018)), indicates a clear legislative intent to make a defendant's prior convictions necessary elements of the offense of aggravated DUI. Defendant recognizes, in *People v. May*, 2021 IL App (4th) 190893, *leave to appeal denied*, No. 127737 (Ill. Jan. 26, 2022), this court construed subsection (d) of the DUI statute, as setting forth sentencing enhancement factors and not essential elements of the charged offenses. See *May*, 2021 IL App (4th) 190893, ¶ 32. However, he asserts *May* and another case, *People v. Robinson*, 368 Ill. App. 3d 963, 859 N.E.2d 232 (2006), were wrongly decided. The State disagrees and contends it was not required to present evidence at defendant's trial of defendant's prior DUI convictions. Since defendant is raising a matter of statutory interpretation, we review the matter *de novo*. See *May*, 2021 IL App (4th) 190893, ¶ 28.

¶ 16          Only one of the cases defendant cites addresses subsection (d)(2) of the DUI statute (625 ILCS 5/11-501(d)(2) (West 2018)), which is at issue in this case. In *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 1, 72 N.E.3d 340, the Illinois Supreme Court awarded *mandamus* and compelled the trial judge to, *inter alia*, classify the defendant's third violation of the DUI statute as a Class 2 felony under section 11-501(d)(2)(B) (625 ILCS 5/11-501(d)(2)(B) (West 2014)). In that case, the trial judge found the defendant guilty of aggravated DUI but continued sentencing and postponed its review of the defendant's prior DUI convictions and additional criminal history. *Glasgow*, 2016 IL 120544, ¶ 4. At the sentencing hearing, the trial judge expressed skepticism about whether the defendant's DUI conviction should be classified as a Class 2 felony for sentencing purposes. *Glasgow*, 2016 IL 120544, ¶ 5. In response, the State first provided the judge with certified copies of the defendant's prior DUI convictions. *Glasgow*, 2016 IL 120544, ¶ 6. The judge ultimately sentenced the defendant as a Class 4 offender.

*Glasgow*, 2016 IL 120544, ¶ 10.  In granting *mandamus*, the supreme court concluded the defendant's third DUI conviction constituted aggravated DUI and must be treated as a Class 2 felony under the plain language of section 11-501(d)(2)(B).  *Glasgow*, 2016 IL 120544, ¶ 30. Given the State presented evidence of the defendant's prior DUI convictions at the sentencing hearing, we disagree with defendant the *Glasgow* decision suggests the prior convictions are elements of the crime that must be proved at trial.

¶ 17        After reviewing the other cases cited by defendant and considering his arguments, we continue to follow our decision in *May* and find the State was not required to prove defendant's prior DUI convictions at defendant's jury trial.

¶ 18                                    B. One-Act, One-Crime Rule

¶ 19        Defendant next asserts his aggravated DUI conviction for count II should be vacated for violating the one-act, one-crime rule.  He recognizes he did not preserve this issue and requests we review it under the second prong of the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).  See *May*, 2021 IL App (4th) 190893, ¶ 53 (excusing the defendant's forfeiture under the second prong of the plain-error doctrine for a violation of the one-act, one-crime rule).  The State agrees one of defendant's aggravated DUI convictions should be vacated and the issue is reviewable under the second prong of the plain-error doctrine.  However, the State believes we should vacate count I because count II seems to be the more culpable offense.

¶ 20        "The one-act, one-crime rule prohibits convictions for multiple offenses that are based on precisely the same physical act."  *People v. Smith*, 2019 IL 123901, ¶ 13, 155 N.E.3d 396.  For the purpose of the one-act, one-crime rule, our supreme court has defined an "act" as "any overt or outward manifestation which will support a different offense."  *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977).  We review *de novo* an alleged violation of the

one-act, one-crime rule. *Smith*, 2019 IL 123901, ¶ 15.

¶ 21 Illinois courts have interpreted the one-act, one-crime rule to prohibit convicting a defendant of the following: (1) multiple counts of reckless homicide, premised on drunken driving, where a single victim was killed; or (2) multiple counts of DUI brought under multiple subsections of the DUI statute for a single instance of driving; or (3) multiple counts of an aggravated offense based on the same aggravating circumstance. *People v. Cook*, 2011 IL App (4th) 090875, ¶ 35, 957 N.E.2d 563. In *Cook*, 2011 IL App (4th) 090875, ¶ 36, this court found the one-act, one-crime rule applied where all three counts of DUI were based on a single death resulting from a single instance of driving. *Cook*, 2011 IL App (4th) 090875, ¶ 36. Here, both DUI counts were based on a single act of defendant's driving under the influence, and thus we agree with the parties the one-act, one-crime rule applies.

¶ 22 Our supreme court has "always held" that, under the one-act, one-crime doctrine, a court should impose the sentence on the more serious offense and vacate the less serious offense. (Internal quotation marks omitted.) *People v. Artis*, 232 Ill. 2d 156, 170, 902 N.E.2d 677, 686 (2009). In determining which offense is the most serious, the supreme court has instructed courts to consider the plain language of the statutes because the legislature prescribes greater punishment for the offense it deems the more serious. *Artis*, 232 Ill. 2d at 170, 902 N.E.2d at 686. Where the offenses provide for identical punishments, the supreme court has remanded the cause to the trial court to determine which conviction should be retained. *Artis*, 232 Ill. 2d at 170, 902 N.E.2d at 686. "However, in situations where the degree of the offenses and their sentencing classifications are identical, this court has also considered which of the convictions has the more culpable mental state." *Artis*, 232 Ill. 2d at 170-71, 902 N.E.2d at 686.

¶ 23 Here, the State asserts count II, which requires a blood or breath alcohol

concentration above 0.08, is the more culpable offense but does not specifically address mental state. We note DUI is an absolute liability offense (*People v. Avery*, 277 Ill. App. 3d 824, 830, 661 N.E.2d 361, 366 (1995)), and thus neither offense can have a more culpable mental state. Citing *Cook*, 2011 IL App (4th) 090875, ¶ 36, where this court vacated the counts the defendant requested, defendant contends his preference on which count to vacate should control. However, the *Cook* court did not explain its departure from the principle set forth in *Artis*, generally requiring remand when the multiple offenses have identical punishments. We note our supreme court has followed that principle in *Artis* even when the sentencing order did not need to be amended because only one sentence was imposed for two guilty findings. See *In re Samantha V.*, 234 Ill. 2d 359, 379-80, 917 N.E.2d 487, 500 (2009) (remanding the cause for the trial court to determine the count to vacate where the juvenile defendant was found guilty of two counts and ordered to serve a single term of probation). Thus, we remand the cause to the circuit court to determine which count of aggravated DUI is the less serious one, vacate the conviction on that offense, and amend the sentencing judgment to reflect only one conviction and sentence for aggravated DUI.

¶ 24                                                  C. Sentencing

¶ 25          Last, defendant contends the trial court erred by failing to consider the statutory mitigating factor that imprisonment of the defendant would endanger his or her medical condition (see 730 ILCS 5/5-5-3.1(a)(12) (West 2018)) in sentencing him. Defendant asserts he is entitled to resentencing. The State asserts defendant has forfeited this issue, and in the alternative, contends the trial court adequately considered defendant's physical health at sentencing.

¶ 26          The trial court possesses wide latitude in both determining and weighing factors

in mitigation and aggravation when exercising its discretion and imposing sentence, and the reviewing court gives the trial court's ruling great weight and deference. *People v. Solis*, 2019 IL App (4th) 170084, ¶ 23, 138 N.E.3d 247. When, as in this case, the imposed sentence falls within the statutory sentencing range, the reviewing court will not disturb the trial court's sentence unless its imposition constitutes an abuse of discretion. *Solis*, 2019 IL App (4th) 170084, ¶ 23. A trial court abuses its discretion when its decision is "arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32, 77 N.E.3d 26.

¶ 27    Section 5-5-3.1(a) of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a) (West 2018)) lists 16 factors for which the trial court accords "weight in favor of withholding or minimizing a sentence of imprisonment." In this case, the court found none applied, and on appeal, defendant argues the court should have found his imprisonment would endanger his medical condition. The State asserts defendant has forfeited this issue. We agree with the State.

¶ 28    "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence." 730 ILCS 5/5-4.5-50(d) (West 2018). Moreover, sentencing errors not raised in the trial court are forfeited for review. *People v. Rathbone*, 345 Ill. App. 3d 305, 308-10, 802 N.E.2d 333, 336-37 (2003).

¶ 29    In both his presentence report and his statement of allocution, defendant mentioned some of his ongoing health issues, including a hernia. In sentencing defendant, the circuit court noted it considered, *inter alia*, the statement defendant made in allocution and found the maximum sentence was not appropriate given due consideration to all factors in mitigation. In fact, in his motion to reconsider, defendant argued "the [c]ourt gave *inadequate consideration*

to *** [d]efendant's health condition as a mitigating factor." (Emphasis added.) Thus, this is not a case where the trial court failed to consider certain evidence as mitigating, like the cases cited by defendant (see *People v. Markiewicz*, 246 Ill. App. 3d 31, 56, 615 N.E.2d 869, 886 (1993); *People v. Calhoun*, 404 Ill. App. 3d 362, 386, 935 N.E.2d 663, 683 (2010)).

¶ 30　　　　Not all mitigating evidence rises to the level of a statutory mitigating factor. While defendant presented evidence of his hernia and other medical issues, defense counsel did not specifically assert at the sentencing hearing the statutory mitigating factor imprisonment would endanger defendant's medical condition (730 ILCS 5/5-5-3.1(a)(12) (West 2018)) applied in defendant's case. Moreover, defense counsel did not make that assertion in either defendant's motion to reconsider his sentence or the hearing on the motion to reconsider. In the trial court, defendant's contention was the court failed to give adequate consideration to his health condition. Thus, we agree with the State defendant has forfeited his claim the court erred by not finding the statutory mitigation factor imprisonment would endanger defendant's medical condition applied to defendant's case.

¶ 31　　　　　　　　　　　　III. CONCLUSION

¶ 32　　　　For the reasons stated, we remand the cause to the Champaign County circuit court to determine which count of aggravated DUI should be vacated and affirm the judgment in all other respects.

¶ 33　　　　Affirmed in part and remanded in part.