PAUL ROGERS, Plaintiff-Appellant, v. MATANDA, INC., d/b/a Bijou Pub, Defendant-Appellee.

Third District   No. 3—07—0855

Opinion filed May 29, 2009.—Modified on denial of rehearing July 16, 2009.

McDADE, J., specially concurring in part and dissenting in part.

Joel E. Brown (argued), of Peoria, for appellant.

Garrett L. Boehm, Cecilo L. Franco (argued), and Jack T. Riley, all of Johnson & Bell, Ltd., of Chicago, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Paul Rogers, fell on property owned by defendant. He filed suit, alleging that defendant breached its duty to exercise reasonable care for the safety of invitees to its property and that defendant breached its duty to provide a reasonably safe means of ingress and egress for the plaintiff, a business invitee. The circuit court of Warren County granted defendant's motion for summary judgment. Plaintiff appeals. We affirm.

## BACKGROUND

Plaintiff's first amended complaint alleged that defendant "owed a duty to Plaintiff to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on its property." Plaintiff's second amended complaint alleged that defendant "owed a duty to Plaintiff to exercise ordinary care to provide a reasonably safe means of ingress and egress for its business invitees."

In November 2005, plaintiff went to defendant's property, the Bijou Pub in Monmouth, Illinois, to celebrate his twenty-first birthday. The Bijou Pub is located on Main street, which runs north and south

and is lined with connected buildings. The bar faces west. The building connected to the bar to the north does not extend as far east as the Bijou Pub. Consequently, the rear of the building to the north is farther west than the rear of the bar.

Defendant also owns the building to the north. Plaintiff had not been to the bar before. Donald Trinite drove him. Plaintiff entered the bar without incident after dark. The record on appeal indicates that, while at the bar that evening, plaintiff ingested approximately 18 mixed drinks, many of which contained multiple shots of different distilled liquors and liqueurs. Plaintiff also recalls drinking from a pitcher of beer that evening. Not surprisingly, plaintiff recalls neither exiting the tavern nor falling.

Plaintiff's fellow celebrants testified during their depositions that they removed him from the bar through the rear exit after he became intoxicated. Plaintiff insisted on returning to continue drinking, but when his friends blocked him from reentering the bar through the rear door, he attempted to walk around the building. Donald Trinite stated that it was "hard to tell like whether [he] was trying to avoid us or whether he was trying to find some way to the front again or I don't know." Plaintiff attempted to travel around the northeast corner of the building to, the witnesses presume, the front entrance. Trinite testified that at no time did he have occasion to walk in the area where plaintiff fell.

The elevation of the ground at the rear of the Bijou Pub and that of the building to the north are different. Walking to the northeast from the rear of the bar, a person encounters a drop in elevation of several feet. Plaintiff suffered injuries when he fell in that area. It appears plaintiff fell from a retaining wall located to the right of the rear entrance to defendant's property. Trinite testified that before plaintiff fell, he stood on what defendant describes as a retaining wall and held onto a pole standing in the area of higher elevation then "let go of the pole." Anthony Bartoluzzi also testified that plaintiff had been "hanging on the pole and basically just took a step off."

Bartoluzzi earlier entered the pub after dark through the rear entrance without incident. Daniel Krier testified that when plaintiff exited the vehicle and proceeded toward the bar in an apparent attempt to reenter, plaintiff "was running but he was still on his feet but he was very drunk and it wasn't safe for him to be running." After failing to reenter through the rear entrance, plaintiff ran to the right of the entrance. Krier testified that he believed "it was the sidewalk around the building."

The rear of the Bijou Pub, including its rear parking lot, according to plaintiff, are lit only by beer signs hanging in its rear windows.

Plaintiff's witnesses testified in depositions that it was completely dark in the area where plaintiff fell.

Plaintiff alleged that defendant breached its duty to exercise reasonable care for the safety of its invitees because the lighting creates the illusion that the ground remains flat behind the Bijou Pub and defendant's property to the north, defendant failed to barricade the property at the point in the change in elevation knowing that the lighting creates the illusion that the ground level is consistent, and defendant failed to warn plaintiff of the change in elevation while knowing that the lighting creates the illusion that the ground remains flat between the two properties.

Defendant filed a motion for summary judgment on the grounds that: (a) no evidence exists that the means of ingress and egress to its property are unsafe; (b) no evidence exists that a condition on the property was the proximate cause of plaintiff's injuries; (c) no evidence exists that defendant had actual or constructive knowledge of the allegedly dangerous condition of the property; (d) plaintiff's injuries were not reasonably foreseeable; and (e) plaintiff's intoxication is an intervening cause of his injuries.

The circuit court of Warren County found, in pertinent part, as follows:

> "[B]ased on the facts, *** the area where the fall occurred is not within the area prescribed as a means of ingress and egress to the Bijou Pub. Accordingly, the [d]efendant had no duty to provide lighting, barricades, or warnings of the drop-off where the fall took place. Summary Judgment is granted as to the first basis raised by [d]efendant."

## ANALYSIS

On appeal, plaintiff argues the trial court: (1) erroneously resolved material questions of fact in granting summary judgment in favor of defendant on plaintiff's theory that defendant failed to provide a safe means of ingress and egress to its property; and (2) failed to address plaintiff's second theory of liability that defendant breached its duty to exercise reasonable care for the safety of invitees on its property independent of its duty to provide a means of safe ingress and egress.

> "An order granting summary judgment is reviewed *de novo.* [Citation.] Summary judgment 'shall be rendered *** if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' 735 ILCS 5/2—1005(c) (West 2004). A trial court is required to construe the record against the moving party and may only grant summary judgment if the record shows that the

movant's right to relief is clear and free from doubt. [Citation.] If disputes as to material facts exist or if reasonable minds may differ with respect to the inferences from the evidence, summary judgment may not be granted. [Citation.]" *Judge-Zeit v. General Parking Corp.*, 376 Ill. App. 3d 573, 578-79, 875 N.E.2d 1209, 1214 (2007).

Plaintiff first argues that defendant breached its duty to provide invitees a safe means of ingress and egress by failing to properly illuminate the northeast corner of its property where the change in elevation occurs. Plaintiff asserts that traversing the northeast corner of the building from the parking lot to the "front entrance" is a prescribed means of ingress to the bar.

Plaintiff correctly asserts that this court noted years ago that a tavern owner has a duty to provide a safe means of ingress and egress. *Kittle v. Liss*, 108 Ill. App. 3d 922, 439 N.E.2d 972 (1982). Plaintiff also correctly asserts that this duty requires "proper illumination of the area." *Kittle*, 108 Ill. App. 3d at 924. Plaintiff claims that the trial court erred when finding he did not raise a genuine issue of material fact as to whether defendant met this burden. Plaintiff claims there is "substantial circumstantial" evidence to conclude that he was attempting to go around the side of the building to gain entrance to the tavern through the front door. Therefore, plaintiff claims that defendant had a duty to illuminate the side of the building as well. We disagree.

In *Seipp v. Chicago Transit Authority*, 12 Ill. App. 3d 852, 299 N.E.2d 330 (1973), the trial court stated that when "a means of ingress and egress is prescribed for invitees, it is the duty of the inviter to properly illuminate, give adequate warning of, or cause to be repaired a known, dangerous condition." *Seipp*, 12 Ill. App. 3d at 859. In *Seipp*, the defendant did prescribe a safely illuminated means of ingress and egress, yet plaintiff chose to take another path. *Seipp*, 12 Ill. App. 3d at 858. The trial court noted that the "plaintiff knew of this route but elected to take a shortcut to her home." *Seipp*, 12 Ill. App. 3d at 858. Since there was "no evidence that the [defendant] either prescribed the [alternate route] to [his] patrons as a means of egress or ingress or assumed its use as such at the time of the accident," the *Seipp* court found the trial court's directed verdict in favor of defendant was proper. *Seipp*, 12 Ill. App. 3d at 859.

■ Similarly, there is no evidence in the record here to suggest that the means of ingress and egress prescribed by defendant were anything but safe and well-illuminated. By plaintiff's own testimony, he safely traversed the prescribed area to enter the establishment earlier in the night. None of his friends even suggested that the

prescribed means of ingress and egress were anything but safe. The fact that plaintiff took a frolic beyond the prescribed means of ingress and egress does not expand defendant's duty. Plaintiff chose to bypass a perfectly safe entrance to the tavern. Plaintiff has not alleged that the area in which he fell was either a designated means of ingress or egress or that it had become the assumed means through repeated use. Therefore, we find that the trial court's order granting defendant summary judgment on this issue was proper.

■ Plaintiff's second and final contention on appeal is that it was error to grant defendant summary judgment on the general premises liability claim made in his second amended complaint. Specifically, plaintiff argues that defendant failed to illuminate, barricade, or warn of a known, dangerous condition on its property "outside the context of the ingress/egress liability." The alleged dangerous condition is the change in elevation of the ground combined with inadequate lighting to warn of the change in elevation. Plaintiff argues that no dispute exists that he fell on property owned or controlled by defendant, no barricades or fencing warn or protect invitees from the ledge where his injury occurred, and that defendant controls the lighting. Defendant asserts that plaintiff failed to produce and cannot produce evidence necessary to establish the *prima facie* elements of a negligence claim, namely, that the allegedly dangerous condition on the property was the proximate cause of plaintiff's injuries. We agree.

To recover damages based upon a defendant's alleged negligence, a plaintiff must allege and prove that defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *Pageloff v. Gaumer*, 365 Ill. App. 3d 481, 849 N.E.2d 1086 (2006). While plaintiff need not prove his case during a summary judgment proceeding, he must present some evidentiary facts to support the elements of his cause of action. *Krueger v. Oberto*, 309 Ill. App. 3d 358, 724 N.E.2d 21 (1999). Summary judgment in favor of a defendant is appropriate where the plaintiff has failed to establish an essential element of his cause of action. *Krueger*, 309 Ill. App. 3d at 367. Even assuming plaintiff has properly alleged a duty and breach of a duty, he has failed to allege sufficient facts to make a *prima facie* case regarding proximate cause.

In *Majetich v. P.T. Ferro Construction Co.*, 389 Ill. App. 3d 220, 906 N.E.2d 713 (2009), we affirmed the dismissal of plaintiff's slip and fall tort case as plaintiff did not put forth proper evidence from which it could "be inferred that any alleged act or omission on the part of defendant was the proximate cause of [plaintiff's] injuries." *Majetich*, 389 Ill. App. 3d at 227. We noted:

"The existence of proximate cause cannot be established by speculation, surmise, or conjecture. [Citation.] Absent affirmative and positive evidence that defendant proximately caused plaintiff's injuries, a plaintiff fails to establish the existence of a genuine issue of material fact. [Citation.]

***

*** If plaintiff relies upon circumstantial evidence to establish proximate cause to defeat a motion for summary judgment, the circumstantial evidence must be of such a nature and so related as to make the conclusion more probable as opposed to merely possible." *Majetich*, 389 Ill. App. 3d at 224-25.

The *Majetich* plaintiff never testified as to why she fell, just that she noticed a high step, reached for a pole, and fell. *Majetich*, 389 Ill. App. 3d at 227. The *Majetich* plaintiff was elderly and suffered from a medical condition that caused her to periodically lose her balance. While it was possible that the alleged defects in defendant's property caused her to fall, we noted that when a plaintiff tries to prove proximate cause by inference, the "circumstantial facts must be of such a nature and so related as to make the conclusion reached more probable as opposed to merely possible." *Majetich*, 389 Ill. App. 3d at 227.

In the wrongful death case of *McInturff v. Chicago Title & Trust Co.*, 102 Ill. App. 2d 39, 243 N.E.2d 657 (1968), the court held since there "[was] no evidence *** as to how or by what means the decedent" fell, he could not "affirmatively and positively show that the defendant's negligence was the proximate cause of [his] injury." *McInturff*, 102 Ill. App. 2d at 48. The negligence alleged in *McInturff* involved a violation of an ordinance and the court held there could only be liability imposed upon defendant for such negligence if the violation of the ordinance was the proximate cause of the plaintiff's injuries. *McInturff*, 102 Ill. App. 2d at 48.

Similarly, here, defendant can only be liable for plaintiff's injuries if the alleged defect in his property was the proximate cause of the plaintiff's injuries. Plaintiff has no recollection of how or why he fell. The witnesses have no idea whether plaintiff knew of the change in elevation when he was standing on the retaining wall "hanging" from the pole, as described by witness Bartoluzzi. Plaintiff cannot even testify as to whether he was aware of the change or maybe more importantly, whether it was the lighting and change in elevation that caused him to fall. Witness Trinite stated that before plaintiff fell that night, "he put his left arm on the—he put his left hand on the pole and kind of swung—not swung but like walked in a circle up to this lighter piece of cement."

There is simply insufficient evidence regarding the cause of the plaintiff's fall. Without such, to allow this case to go to a jury would invite speculation as to whether it was the differentiation and height of the sidewalk, the lighting, simple inattention, the plaintiff's grip on the pole, or plaintiff's intoxication that caused the fall. " 'It is axiomatic that liability cannot be premised merely upon surmise or conjecture as to the cause of the injury.' " *Sameer v. Butt*, 343 Ill. App. 3d 78, 91, 797 N.E.2d 1063, 1073 (2003), quoting *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 455, 605 N.E.2d 493 (1992). As such, we find that the trial court did not err in granting defendant summary judgment.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

O'BRIEN, P.J., concurs.

JUSTICE McDADE, specially concurring in part and dissenting in part:

The majority has found that defendant did not have a duty to illuminate the northeast corner of its property (393 Ill. App. 3d at 526) because the means of ingress and egress defendant prescribed were safe and well-illuminated (393 Ill. App. 3d at 526). The majority has also found that plaintiff failed to produce, and cannot produce, evidence to establish that the dangerous condition on defendant's property was the proximate cause of plaintiff's injuries. 393 Ill. App. 3d at 527. Therefore the majority concludes that plaintiff cannot establish a *prima facie* case of negligence. I agree with the majority's finding that plaintiff will be unable to prove that defendant's alleged negligence was the proximate cause of his injury. I therefore concur in the judgment.

I believe, however, that the majority has erred in finding, as a matter of law, that the northeast corner was not a prescribed means of ingress. I therefore disagree with the majority's holding, at this stage of proceedings, that defendant had no duty to illuminate the northeast corner, and I dissent from that portion of its opinion.

On appeal, plaintiff argued that the trial court erroneously resolved material questions of fact in granting summary judgment in favor of defendant on plaintiff's theory that defendant failed to provide a safe means of ingress and egress to its property. Plaintiff asserted

that traversing the northeast corner of the building from the parking lot to the "front entrance" is a prescribed means of ingress to the bar. The majority believes that plaintiff "has not alleged that the area in which he fell was either a designated means of ingress or egress or that it had become the assumed means through repeated use." 393 Ill. App. 3d at 526.

First, plaintiff argues that his belief that one could traverse the northeast corner as a means of ingress (to access the front entrance) was reasonable because "the lighting conditions combined with an absence of barricades and signs led patrons to reasonably believe *** one could simply walk alongside the north of the building to the front from the rear." Plaintiff also argues that a reasonable person could believe that one could use the northeast corner of the property as a means of ingress (to access the front entrance) because no evidence exists that defendant prescribed a different route or area for ingress and egress.

The issue is whether a material question of fact exists as to whether the accident occurred in a prescribed area of ingress or egress; not, at least not initially, whether the fall occurred in an *actual* prescribed area of ingress or egress.

> "A triable issue of fact exists where there is a dispute as to material facts or where the material facts are undisputed but reasonable persons might draw different inferences from those facts. [Citation.] The court should construe the evidence strictly against the movant and liberally in favor of the opponent." *Wernikoff v. Health Care Service Corp.*, 376 Ill. App. 3d 228, 233, 877 N.E.2d 11, 15-16 (2007).

Plaintiff's contention that the "front entrance" and, separately, the "rear entrance," are not "the only means of ingress and egress for the Bijou Pub" along with his allegations of fact are, in my opinion, sufficient to raise a triable issue of material fact. Plaintiff relies on his, and his witness's, belief that he could attempt and was attempting to safely reach the front of the bar by crossing the northeast corner of the property, as well as the condition of the property, as evidence that a rational trier of fact could find that the northeast corner of the bar is a means of ingress and egress.

Plaintiff's evidence, while short of proof, consists of his and his companion's subjective belief that the area contained "a sidewalk to the front" and that plaintiff was attempting to reenter the bar. Plaintiff's stated intention to enter the bar, followed by his attempt to cross the northeast corner of the property, is evidence that plaintiff was attempting to enter the bar when he fell. Trinite provided additional evidence that the area in question was a means of ingress or

530

egress when he testified that he believed the area contained a sidewalk to the front. *Cf. Stedman v. Spiros*, 23 Ill. App. 2d 69, 83, 161 N.E.2d 590, 597 (1959).

In *Spiros*, the court, finding the defendant had no duty to the plaintiff, stated as follows:

> "The decisions in Illinois *** impose upon the defendant the duty to exercise reasonable care to keep in a safe condition those portions of the premises included within the invitation to the invitee, including reasonably safe means of ingress and egress, even where the mode chosen is not the customary one but one which is allowed by the owner [citation]." *Spiros*, 23 Ill. App. 2d at 83, 161 N.E.2d at 597.

Plaintiff has raised a question of material fact as to whether defendant, intentionally or not, prescribed the northeast corner of the property as a means of ingress or egress to the bar. Construing the evidence *liberally* in plaintiff's favor, a reasonable person might infer that a reasonable person would believe he could use the northeast corner of the bar to traverse to the front from the rear and, therefore, that the northeast corner of the bar is "a prescribed means of ingress" to the bar. See *Cooley v. Makse*, 46 Ill. App. 2d 25, 30, 196 N.E.2d 396, 398 (1964) ("The door, albeit mutely and silently, beckoned to all who had business in the tavern to enter and to leave by this route. Implicit in that invitation was the representation that it might be safely exercised").

The weight of plaintiff's evidence is for the trier of fact and not defendant, the trial court, or this court. It is for the trier of fact to determine if the beliefs are reasonable and credible. See *People v. Singleton*, 367 Ill. App. 3d 182, 187, 854 N.E.2d 326, 331 (2006) ("The trier of fact has the responsibility to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence"); *Coole v. Central Area Recycling*, 384 Ill. App. 3d 390, 396, 893 N.E.2d 303, 309 (2008) ("With a summary-judgment motion, the trial court does not decide a question of fact but, rather, determines whether one exists. Thus, a court cannot make credibility determinations or weigh evidence in deciding a summary-judgment motion").

I find that plaintiff raised a question of fact as to whether the northeast corner is a means of ingress. I also find that a material question of fact exists as to whether that means of ingress—assuming it was one—was safe. Defendant completely fails to argue that, assuming plaintiff's proffered route is a means of ingress, the route is safe. Plaintiff has therefore created, with an appropriate factual basis, two questions of fact that in my opinion preclude defendant's right to

summary judgment. That is, whether walking from the parking lot to the front door is a means of "ingress" to the premises, whether the northeast corner is, reasonably, a "prescribed means of ingress," and finally, whether the northeast corner is in a reasonably safe condition for use as a means of ingress or egress.

As previously stated I agree that plaintiff will be unable to prove, as a necessary element of his claim, that defendant breached its duty of care to maintain its property in a reasonably safe condition for use by its invitees. Specifically, plaintiff will be unable to prove that the alleged breach was the proximate cause of his injury. I therefore concur in the majority's judgment.