2021 IL App (2d) 210010-U
No. 2-21-0010
Order filed November 18, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | No. 05-CF-306 |
| FIRAS M. AYOUBI, | ) ) | Honorable John F. McAdams, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Zenoff and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court properly denied petition for relief from judgment because it was untimely and none of the potential exceptions from the limitations period applied.

¶ 2    In 2007, the defendant, Firas M. Ayoubi, pled guilty to the offense of indecent solicitation of a child.  In December 2007 he was sentenced to four years' imprisonment.  In 2020, Ayoubi filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), alleging that he had recently discovered that the Illinois Department of Corrections (Department) was reporting that the offense of which he was convicted in 2007 was "INDECENT SOL/PREDITORY [*sic*]/AGG SEX," which was different than the offense he had pled guilty to.

He argued that he had been misled regarding the offense of conviction, and thus his guilty plea was invalid and should be vacated. The trial court denied the petition, and Ayoubi appeals. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In September 2005, Ayoubi was charged by information with the class 1 felony of indecent solicitation over the internet of a 12-year-old child (720 ILCS 5/11-6(a) (West 2004)). Specifically, the information alleged that Ayoubi, "a person of 17 year [*sic*] of age and upwards, with the intent that the offense of predatory criminal sexual assault be committed, knowingly solicited R.S., a child under the age of 17 years to perform an act of sexual penetration in violation of 5/11-6(a)." Ayoubi admitted that he knew the child was under 18 years old but asserted that he did not know that she was younger than 13.

¶ 5     The State later added a charge of another class 1 felony, attempted predatory criminal sexual assault (720 ILCS 5/8-4(a) (West 2006)). On March 7, 2007, Ayoubi waived his right to a jury trial and pled guilty to indecent solicitation. The State nol-prossed the charge of attempted predatory criminal sexual assault.

¶ 6     All of the documents filed on March 7, 2007, including the guilty plea form, the judgment, and the sex offender registration act notification form, stated that Ayoubi pled guilty to and was convicted of "indecent solicitation of a child" in violation of section 11-6 of the Criminal Code of 1963 (Code) (720 ILCS 5/11-6 (West 2004)). None of the documents explicitly indicated that the offense was "predatory" or "aggravated" in nature. However, the judgment noted that the offense was a class 1 felony. Under the statute, an offense was a class 1 felony only "when the act, if done, would be predatory criminal sexual assault of a child or aggravated criminal sexual assault." *Id*. § 11-6(c)(1).

¶ 7    Although Ayoubi was initially sentenced to three years of probation, the State successfully petitioned to revoke his probation only a few months later on the grounds that he had again solicited a minor. On December 10, 2007, Ayoubi was resentenced to four years' imprisonment, followed by two years of mandatory supervised release. That judgment and sentence form also stated that Ayoubi's offense of conviction was the class 1 felony of "indecent solicitation of a child" in violation of section 11-6 of the Code.

¶ 8    In 2012, Ayoubi was taken into custody on a new offense. He was convicted of aggravated criminal sexual assault and sentenced to 28 years in prison, where he remains today.

¶ 9    Recently, Ayoubi received a "verification of incarceration" printout from the Department that listed his 2007 offense of conviction as "INDECENT SOL/PREDITORY [*sic*]/AGG SEX." That printout was the basis for his section 2-1401 petition, in which he argued that the offense reported on the printout was different than the "basic" offense to which he pled guilty (which he asserts did not include "predatory" or "aggravated" elements), thereby casting doubt on the validity of his plea.

¶ 10    The trial court denied the petition, finding that it was filed beyond the two-year limitations period and that Ayoubi's conviction was not void, as the trial court that accepted his plea and entered the judgment of conviction had jurisdiction to do so. The trial court further found that, even if the petition had been timely, it lacked merit because the Department's printout did not and could not change the offense to which Ayoubi pled guilty. Rather, the Department's printout simply noted the fact that the offense of conviction was a class 1 felony, which was defined in the statute as conduct that, "if done, would be predatory criminal sexual assault of a child or aggravated criminal sexual assault." 720 ILCS 5/6-11(c)(1) (West 2004). Ayoubi then filed this appeal.

¶ 11                                II. ANALYSIS

¶ 12    Although Ayoubi raises several arguments in this appeal, we do not consider most of them because we agree with the trial court's determination that his petition was untimely, having been filed 13 years after his conviction and resentencing.

¶ 13    Ayoubi's petition for relief from judgment was filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)).  Except for specific types of judgments not relevant here, such petitions "must be filed not later than 2 years after the entry of the order or judgment" from which the petitioner seeks relief.  *Id.* § 2-1401(c).  However, any time when "the ground for relief is fraudulently concealed" is excluded from the two-year period.  *Id.*  Ayoubi argues that fraudulent-concealment tolling applies here, because both the trial court and his own counsel failed to tell him that he had pled guilty to "a particular aggrevated [*sic*] subsection of the statute" on indecent solicitation, and he did not learn otherwise until he "recently" received the Department printout.

¶ 14    We begin by noting that Ayoubi did not include in the record on appeal any transcripts of his arraignment, plea proceedings, or sentencing.  As the appellant, it was Ayoubi's responsibility to supply a complete record sufficient to allow us to review the issues he wished to raise on appeal.  *People v. Carter*, 2015 IL 117709, ¶ 19.  If the record is not complete or sufficient, we must presume that the order entered by the trial court was legally correct and had a sufficient factual basis.  *Koppel v. Michael*, 374 Ill. App. 3d 998, 1008 (2007) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)).  Any doubts that arise from the incompleteness of the record must be resolved against the appellant.  *Carter*, 2015 IL 117709, ¶ 19.

¶ 15    Here, the burden is on Ayoubi to show that the nature of the charge he pled guilty to was fraudulently concealed from him, but he has not supported his argument with any evidence, such as transcripts, that the charge was incorrectly described to him or that the trial court's inquiry into

his understanding of that charge and the effects of his guilty plea was flawed in any way. Thus, we must presume that the trial court correctly performed its duty to ensure that these requirements were met. *Id.*; see also Ill. S. Ct. R. 402 (eff. July 1, 2012) (before accepting guilty plea, trial court must ensure that the accused understands the nature of the charges against him and determine whether there is a factual basis for the plea in that the elements of the offense could be proved).

¶ 16    Further, although Ayoubi supplied us with some of the record from the trial court, that record affirmatively contradicts his argument that he did not know that he was pleading guilty to an offense involving "predatory" or "aggravated" conduct. The charging instrument stated that Ayoubi's offense involved an intent to commit predatory criminal sexual assault, and the judgment identified his offense of conviction as a class 1 felony, which requires the intent to commit predatory or aggravated criminal sexual abuse. Ayoubi could have discovered the predatory or aggravated nature of the solicitation charge against him at any time before or after he pled guilty. There is no basis in the record for his argument that the nature of the charged offense was fraudulently concealed from him until recently.

¶ 17    Ayoubi also argues that his section 2-1401 petition was timely because his conviction is void. We must reject this argument as well.

¶ 18    The two-year limitation in section 2-1401 does not apply to void judgments, which may be challenged at any time. *People v. Castleberry*, 2015 IL 116916, ¶ 15. Because the breadth of this principle threatens the finality of judgments, "only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction *** warrant declaring a judgment void.' " *Id.* "Personal jurisdiction refers to the court's power 'to bring a person into its adjudicative process.' " *In re M.W.*, 232 Ill. 2d 408, 415 (2009) (quoting Black's Law Dictionary 870 (8th ed. 2004)). "Subject matter jurisdiction refers to the court's power 'to hear and determine

cases of the general class to which the proceeding in question belongs.' " *Id*. (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)).

¶ 19    Ayoubi does not argue that the trial court lacked either personal jurisdiction over him or the power to hear and determine criminal cases such as his.    Rather, he argues that he misunderstood the nature of the offense to which he pled guilty, invalidating his plea.    This argument is refuted by the record, which shows that Ayoubi was informed of the nature of the class 1 felony charge against him before he pled guilty, including the charged element that he knowingly solicited a child "with the intent that the offense of predatory criminal sexual assault be committed."    That is the charge to which he pled guilty, and the Department's printout cannot and does not show that he pled guilty to anything else.

¶ 20    Even if Ayoubi's plea had been based on a misunderstanding of the charge and thus the trial court erred in accepting it, however, that still would not make his conviction void.    "Error or irregularity in the proceeding, while it may require reversal of the court's judgment on appeal, does not oust subject matter jurisdiction once it is acquired."    *Id*. at 423 (citing *People v. Davis*, 156 Ill. 2d 149, 157 (1993) (a court does not lose jurisdiction because it makes a mistake of law or fact or both)).    As the trial court had personal and subject matter jurisdiction when it entered Ayoubi's conviction, that conviction is not void.    Thus, Ayoubi was required to file his petition within two years after that conviction was entered.    As he did not, the petition was properly denied as untimely.

¶ 21                              III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Kendall County is affirmed.

¶ 23    Affirmed.