NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250044-U

NO. 4-25-0044

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 28, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JANET L. HAGGERTY, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Peoria County |
| ALICE J. PRICE, | ) | No. 23LM121 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Stewart J. Umholtz, |
| | ) | Judge Presiding. |

      JUSTICE GRISCHOW delivered the judgment of the court.
      Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court properly granted summary judgment because plaintiff failed to establish a genuine issue of material fact that defendant assumed a duty by (1) appropriating the public sidewalk for her own use or (2) engaging in conduct that caused or contributed to the condition on the public sidewalk.

¶ 2      On April 14, 2023, plaintiff, Janet L. Haggerty, filed a complaint against defendant, Alice J. Price, seeking to recover for injuries plaintiff suffered when she fell on a public sidewalk abutting defendant's property. The complaint alleged, upon information and belief, mud and water would commonly run off defendant's premises and settle on the public sidewalk adjacent to her home, causing an unsafe, slippery condition, which caused plaintiff to slip, fall, and injure herself. Defendant filed a motion for summary judgment, which the trial court granted. Plaintiff appealed. We affirm.

¶ 3                        I. BACKGROUND

¶ 4         On May 21, 2021, in Dunlap, Illinois, plaintiff, who was 81 years old, wore tennis shoes and was shopping at various home garage sales. The weather was clear and dry. Plaintiff was returning to her car after visiting two garage sales when she stepped on a wet area of the sidewalk, slipped, and fell—injuring her left shoulder and rib. When plaintiff got up, she noticed mud on the left side of her shirt and some mud spots on the left side of her shorts. Plaintiff drove herself to the emergency room, where medical records confirmed injuries to her left shoulder, clavicle area, and left rib. Six hours after her fall, plaintiff and her husband, Hans Busch, returned to the area and observed a small damp area on the sidewalk, and Busch took photographs of the area. While part of the wet area where plaintiff slipped had dried up, a small damp area remained. Busch speculated the damp area was likely runoff from an irrigation system on defendant's property, though he admitted this was an assumption. Two months later, Busch and plaintiff revisited the location, noted a similar wet area on the sidewalk, and documented it again with photographs.

¶ 5                         A. The Complaint

¶ 6         Plaintiff filed a complaint sounding in negligence, alleging defendant owned property adjacent to the sidewalk in front of her residence. Upon information and belief, plaintiff alleged it was common for mud and water to run off defendant's property and settle on the adjacent sidewalk, resulting in a hazardous condition and making the sidewalk slippery and unsafe, and that defendant was aware of this issue. Plaintiff alleged defendant had a duty to exercise ordinary care to prevent the mud and water from running off her premises and settling on the sidewalk, where others would walk. It was further alleged defendant was negligent by failing to remove the mud and/or water that ran off the premises and by failing to maintain the sidewalk adjacent to her property in a usable condition, in violation of a local ordinance. As a

result of the alleged negligence, plaintiff fell while she was walking on the sidewalk and slipped on the accumulation of mud and water, thereby suffering injuries. Defendant denied all allegations of negligence and claimed plaintiff's own careless acts contributed to her injuries where she failed to keep a proper lookout and use care or caution when approaching the public sidewalk.

¶ 7                              B. The Depositions

¶ 8       The discovery depositions of plaintiff, Busch, and defendant were presented in support of the motion for summary judgment. We note certain exhibits were referenced during depositions which were viewed and discussed. Those exhibits—a video and additional photographs of the sidewalk, as well as photographs of plaintiff's clothing after the fall—were not included in the record on appeal. Appellants are obligated to present a complete record as to the issues raised on appeal (Ill. S. Ct. R. 323(a) (eff. Jul. 1, 2017)); therefore, any doubts which may arise from the incompleteness of the record will be resolved against them. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 9       During her deposition, plaintiff acknowledged she wore bifocals and had been diagnosed with Parkinson's disease and arthritis. She testified the sidewalk appeared clear but wet. She stated, "[I]t wasn't really dark, it just looked wet." Plaintiff admitted she had previously walked on wet sidewalks and did not stop when approaching the wet area; instead, she continued walking, stepped on the wet area, and slipped. She recognized there were alternative routes to her car that avoided the damp area, but these would have necessitated walking in the street instead of on the sidewalk.

¶ 10      When asked about the weather before her fall, plaintiff assumed it had rained due to the water on the sidewalk. Nonetheless, she admitted she was not at defendant's house the

previous day. Plaintiff admitted she did not see any moving water, nor any standing water. She admitted, "[T]here weren't any puddles at all. It was just damp." Plaintiff also professed she did not know where the water came from.

¶ 11      During Busch's deposition, he admitted he took photographs with his cell phone of the area where plaintiff fell. Busch returned to the area a few months later and observed the same wet area on the sidewalk. He believed there was a slight dip between defendant's property and her neighbor's property where surface water would drain to the sidewalk. Busch also assumed defendant had an irrigation system, though he admitted he never saw one. Busch surmised the water from the irrigation system collected grass clippings and washed them onto the sidewalk, but he never investigated or observed this happening.

¶ 12      Defendant admitted in her deposition she had an irrigation system in her yard but never used it. She did not water the lawn but would water the hostas that were about 50 feet away from the sidewalk. However, when watering the hostas, the water would never run down on the sidewalk. Defendant lived at this residence for 10 years and was not aware of water accumulating on the adjacent public sidewalk. She also mentioned having a downspout that went directly into the ground and did not reach the area where plaintiff slipped. Despite mowing her own lawn regularly, defendant never noticed any wet areas on the sidewalk next to her home.

¶ 13      C. Defendant's Motion to Strike

¶ 14      Defendant filed a motion to strike portions of the complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). In support, defendant argued plaintiff mistakenly alleged a duty by defendant to maintain a municipal sidewalk, which she did not own or control. Defendant argued, under the common law, a private landowner generally owes no duty to ensure the safe condition of a public sidewalk abutting the

- 4 -

landowner's property. Defendant also argued the allegations relating to the municipal ordinance should be stricken, as there is no duty of care arising from a municipal ordinance. The trial court granted the motion in part by striking the paragraphs referencing the municipal ordinance.

¶ 15                D. Defendant's Motion for Summary Judgment

¶ 16        Defendant moved for summary judgment, claiming plaintiff encountered a condition that was open and obvious and defendant had no duty to maintain a public sidewalk, nor did defendant create the condition on the sidewalk. Defense counsel argued there was no evidence defendant "created the condition" of which plaintiff complained and the appellate court had previously determined the open and obvious rule applied to adjacent landowners to absolve them of any duty. Defense counsel also noted no recognized exceptions applied to negate the open and obvious rule in this case and pointed out there was no evidence defendant knew about the condition or created the condition on the sidewalk; it was only Busch's theory an irrigation system on defendant's property caused the wet area.

¶ 17        Plaintiff's counsel admitted defendant did not own or occupy the adjacent sidewalk, which was also why the open and obvious doctrine should not be applied to defendant. Plaintiff's counsel contended defendant created an unsafe condition by "allowing the water to leach off her property onto the sidewalk and settle." He argued the water originated from defendant's property, noting plaintiff and Busch saw a wet sidewalk twice and questioned where else the water could have come from. He further argued Busch was not speculating *whether* the water was coming from defendant's property because Busch stated he observed the wet sidewalk on two separate occasions. Rather, Busch was not sure of what *source* on defendant's property was causing the water to form on the sidewalk, but he thought it was an irrigation system. In addition, he argued the issue was not just the water, but the "water, and mud and a moss or algae,

whatever it is that caused that—that would accumulate in a—in a standing puddle of water."
Defense counsel argued Illinois Pattern Jury Instructions, Civil No. 135.01 (2000) was
applicable, as it was exactly what happened in this case. That instruction provided the following:
"The owner of property abutting a public sidewalk is under a duty to exercise ordinary care not
to create an unsafe condition [which would interfere] [by interfering] with the customary and
regular use of the walk." *Id.*

¶ 18        After hearing arguments, the trial court determined the open and obvious rule
applied to adjacent landowners and plaintiff encountered an open and obvious condition. The
court specified the "law would recognize that a reasonable person who approaches an open and
obvious condition is in the position of being the most capable to avoid the risk." The court
further noted the law presumes the person who encounters an open and obvious condition would
exercise reasonable precautions and choose an alternative route, if necessary, which plaintiff
chose not to do. In addition, "the nature of water itself is capable of concealing hazards
underneath and that's why there's strong public policy recognizing the danger that might—that
may lurk under water." In this case, the wet area was "apparently viewable," and plaintiff made
the decision to proceed rather than take a different route to avoid the danger on the public
sidewalk. Thus, the court found there was no genuine issue of material fact and granted summary
judgment in favor of defendant.

¶ 19        This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21        On appeal, plaintiff contends the trial court improperly granted summary
judgment in favor of defendant utilizing the open and obvious doctrine. In support, plaintiff
argues the court (1) improperly applied an open and obvious analysis and (2) erred in finding the

wet spot, which plaintiff now refers to as a puddle, was open and obvious because the puddle was not the dangerous condition. Plaintiff maintained the dangerous condition was the mud that had formed at the bottom of the puddle. As such, a genuine issue remained as to what caused plaintiff to fall.

¶ 22                                         A. The Standard of Review

¶ 23          Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2024). Because summary judgment is a drastic measure, it should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co*., 154 Ill. 2d 90, 102 (1992). All pleadings, depositions, admissions, and affidavits are construed against the moving party in determining whether there is a genuine issue of material fact. *Id.* at 131-32. Summary judgment must be denied where reasonable people would draw different inferences from undisputed facts. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). While a plaintiff need not prove his case during a summary judgment proceeding, he must present evidentiary facts to support the elements of his cause of action. Summary judgment in favor of a defendant is appropriate where the plaintiff has failed to establish an essential element of the cause of action. *Rogers v. Matanda*, *Inc.*, 393 Ill. App. 3d 521, 526 (2009). Appellate courts review grants of summary judgment *de novo*. *Hutson v. Pate*, 2022 IL App (4th) 210696, ¶ 37.

¶ 24                                         B. Negligence

¶ 25          To recover damages based upon a defendant's alleged negligence, a plaintiff must allege and prove a defendant owed a duty to the plaintiff, the defendant breached that duty, and

the breach was the proximate cause of the plaintiff's injuries. *Marshall v. City of Centralia*, 143 Ill. 2d 1, 6 (1991). Whether a particular duty exists under a particular set of circumstances is a question of law for the court to decide. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 22. Whether the defendant breached that duty and whether the breach proximately caused a plaintiff's injury are questions of fact for the trier of fact to decide, provided those questions present genuine issues of material fact. *Hougan v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 2013 IL App (2d) 130270, ¶ 20.

¶ 26    Generally, an adjacent landowner is not liable for personal injuries incurred on a public sidewalk under the control of a municipality. *Gilmore v. Powers*, 403 Ill. App. 3d 930, 933 (2010). Instead, landowners only owe a duty to provide a reasonably safe means of entering and exiting their property. *Caracci v. Patel*, 2015 IL App (1st) 133897, ¶ 23. However, a duty may be imposed when an adjacent landowner appropriates the property for his own purpose or there is evidence the dangerous condition on the sidewalk abutting his property was directly produced by him—where he caused or contributed to the defective condition of the public sidewalk. *Id.*; *Evans v. Koshgarian,* 234 Ill. App. 3d 922, 925 (1992). Even in such circumstances, "[p]ersons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48 (1996).

¶ 27    The open and obvious exception is not a *per se* rule to deny liability on the part of a defendant, who is still expected to exercise reasonable care proportionate to the circumstances. *Id.* at 448-449. This analysis requires the condition to have been caused by an activity of the possessor of the land or "whose danger is known and obvious." Restatement (Second) of Torts § 343A(1) (1965).

¶ 28 In this case, the trial court granted summary judgment on the basis the wet sidewalk constituted an open and obvious condition. Based on our review of the record, we see no problem with the court's ruling. However, we affirm on different grounds. See *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21 (stating the appellate court can affirm the trial court for any reason or ground appearing in the record); *Cole v. Paper Street Group, LLC*, 2018 IL App (1st) 180474, ¶ 41 (The appellate court "may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct."). The record is devoid of any evidence as to the origin of the water on the sidewalk which created the condition plaintiff claims caused her to slip and fall. In other words, plaintiff failed to present a factual basis that would arguably entitle her to a judgment based on the law.

¶ 29 It is undisputed the sidewalk was public property, defendant (the owner of the adjacent property) did not own the sidewalk, and there was no defect in the sidewalk, itself, that caused plaintiff to fall. Therefore, to establish the requisite duty element of her claim against defendant, plaintiff needed to show (1) defendant appropriated the public sidewalk for her own purpose or (2) she directly caused or contributed to the condition of the sidewalk. See *Matanda*, 393 Ill. App. 3d at 526; *Koshgarian*, 234 Ill. App. 3d at 925. We conclude plaintiff failed to do so. Plaintiff did not allege defendant appropriated the public sidewalk for her own purpose, nor did she establish a genuine issue of material fact as to whether defendant caused or contributed to the condition on the sidewalk. "Although the non-moving party also need not prove his case at the summary judgment stage, he must come forth with some evidence that arguably would entitle him to recover at trial." *Keating v. 68th and Paxton, L.L.C.*, 401 Ill. App. 3d 456, 472 (2010). If a plaintiff cannot establish an essential element of his claim, summary judgment is appropriate. *Matanda*, 393 Ill. App. 3d at 526.

¶ 30        Plaintiff did not allege in her complaint defendant appropriated the public sidewalk for her own use, and nothing in the record established defendant engaged in the type of land appropriation courts have determined creates a duty on the part of an adjacent landowner. See *Caracci*, 2015 IL App (1st) 133897, ¶ 23 (where affirmative acts that created a duty on the part of a landowner included blocking the normal use of a public sidewalk, including parking on it or using it to display goods). Consequently, plaintiff cannot establish defendant had a duty based on this theory.

¶ 31        Furthermore, plaintiff presented no facts establishing defendant should have assumed a duty because she engaged in conduct that caused the defective condition of the sidewalk. Plaintiff produced no evidence the source of the water on the sidewalk was runoff from defendant's land, irrigation system, or downspout or that the wet spot on the sidewalk was otherwise caused by defendant. In fact, other than her husband's speculation, the source of the water remained unknown. Plaintiff was unable to show where the water on the public sidewalk came from, let alone that defendant created or caused the "hidden" condition. "It is axiomatic that mere guesswork or speculation is insufficient to create a genuine issue of material fact to survive a motion for summary judgment." *Allen v. Cam Girls, LLC*, 2017 IL App (1st) 163340, ¶ 43 (citing *Judge-Zeit v. General Parking Corp.*, 376 Ill. App. 3d 573, 584, (2007)). Thus, in a slip-and-fall case, summary judgment for defendants is proper when the plaintiff has no evidence regarding the cause of her fall. *Strutz v. Vicere*, 389 Ill. App. 3d 676, 679 (2009).

¶ 32        Plaintiff cites the nineteenth century case *Stephani v. Brown*, 40 Ill. 428 (1866), as support for the position liability can be imposed on an adjacent landowner. However, this case is distinguishable because, in *Stephani*, the defendant altered the sidewalk by excavating under it, placing a wooden grating in the sidewalk that gave way when the plaintiff stepped on the grating,

resulting in personal injuries. *Id.* at 432. None of that is present in this case. The plaintiff in *Stephani* offered undisputed evidence that the defendant altered the sidewalk in a manner that caused the plaintiff harm. Plaintiff here does not even know where the water on the sidewalk came from, nor has plaintiff alleged any facts that defendant's conduct caused the wet spot. Plaintiff cannot resist summary judgment in a slip-and-fall case simply by arguing about a possible cause of the fall without offering any evidence in support of the argument. Counsel, both at arguments before the trial court and in his pleadings, attempts to "muddy" the evidence in this case by arguing there was a puddle which hid a dark, wet, greenish, or muddy area on the sidewalk. Yet, counsel himself, when arguing to the court, acknowledged he did not know what caused his client to slip.

¶ 33       Plaintiff contends her husband's background as an engineer and his observation that he believed the water originated from defendant's property, should have been adequate to assign liability to defendant. However, plaintiff presented no other evidence, from an expert or otherwise, that it was probable the cause of the wet spot where she fell was from defendant's irrigation system or downspout. Although plaintiff claims, "without rain, it would logically follow that the water came from defendant's property," these conclusions lack any evidentiary support and are purely speculative. Busch admitted in his deposition he did not know if the irrigation system was the cause of the water and admitted he never actually saw grass clippings being washed onto the sidewalk. Further, defendant testified she had not used her irrigation system in the past 10 years, she never noticed the wet area, let alone mud, and her downspout went directly into the ground nowhere near the sidewalk. Defendant's testimony is unrefuted.

¶ 34       We reiterate the purpose of summary judgment is not to try an issue of fact, but to instead ascertain whether a triable issue of fact exists. *Cole*, 2018 IL App (1st) 180474, ¶ 41.

Plaintiff's belief about how the sidewalk became wet does not constitute a sufficient factual basis for the assertion that the wet area where she fell resulted from water coming off defendant's property. Plaintiff has failed to show any nexus other than complete speculation between the wet public sidewalk and defendant's property. Busch's testimony he observed a dip between defendant's and the neighbor's property lines does not constitute a sufficient factual basis that the water on the public sidewalk was created by defendant. Even if we consider the evidence in the light most favorable to the plaintiff, the lack of evidence as to the origin of the water is dispositive.

¶ 35　　　During summary judgment, a "movant may meet his burden of proof either by affirmatively showing that some element of the case must be resolved in his favor or by establishing that there is an absence of evidence to support the nonmoving party's case." (Internal quotation marks omitted.) *Id.* Plaintiff failed to establish defendant owed her a duty and thereby failed to meet a requisite element of her negligence claim Therefore, summary judgment in favor of defendant was appropriate.

¶ 36　　　　　　　　　　　　III. CONCLUSION

¶ 37　　　For the reasons stated, we affirm the trial court's judgment.

¶ 38　　　Affirmed.