NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240309-U

NO. 4-24-0309

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| FIRAS AYOUBI, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Lee County |
| ROB JEFFREYS, in His Official Capacity as Director of | ) | No. 20MR77 |
| Corrections, and BRENDAN F. KELLY, in His Official | ) | |
| Capacity as Director of the Illinois State Police, | ) | Honorable |
|     Defendants-Appellees. | ) | Douglas E. Lee, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court properly granted defendants' motion for summary judgment where plaintiff failed to demonstrate he was entitled to *mandamus* relief.

¶ 2    Plaintiff, Firas Ayoubi, filed a complaint for *mandamus* relief, requesting the trial court order defendants, Rob Jeffreys and Brendan F. Kelly, the directors of the Illinois Department of Corrections (DOC) and Illinois State Police (ISP), respectively, to correct his conviction records to state only that he was convicted of indecent solicitation of a child. Defendants filed a motion for summary judgment, which the court granted, finding the designation for plaintiff's conviction was accurate, and he therefore was not entitled as a matter of law to *mandamus* relief.

¶ 3    On appeal, plaintiff contends the trial court erred in granting summary judgment because the description of his offense was inaccurate. In the alternative, plaintiff contends if the

description is accurate, the statute under which he was convicted is unconstitutional because it allows for a conviction for uncharged offenses. For the reasons that follow, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5          In 2005, plaintiff was charged with indecent solicitation of a child, a Class 1 felony (720 ILCS 5/11-6(a) (West 2004)), and attempted predatory criminal sexual assault, a Class 1 felony *(id.* § 8-4(a), 12-14.1). Plaintiff pleaded guilty to indecent solicitation of a child, and the State nol-prossed the attempted predatory criminal sexual assault charge. See *People v. Ayoubi*, 2021 IL App (2d) 210010-U, ¶ 6.

¶ 6                          A. Complaint for *Mandamus* Relief

¶ 7          In August 2021, plaintiff, who is incarcerated on an unrelated offense, filed an amended complaint for *mandamus* relief. In his petition, plaintiff stated he received his verification of incarceration from the Dixon Correctional Center records department. In the record, his conviction for indecent solicitation of a child is listed as " 'INDECENT SOL/PREDATORY/AGGSEX.' " Plaintiff alleged "[n]othing in the plea, or court records included any aggrevating/predatory [*sic*] language, and likewise, any aggravation or predatory elements are found in a separate and distinct offence for in the statute under a different subdivision." Plaintiff also affirmed he "never plead [*sic*] or agreed to plead guilty to any crime which included a predatory or aggrevated [*sic*] sex element or component."

¶ 8          Plaintiff attempted to get the description of his conviction modified at the Dixon Correctional Center and Stateville Correctional Center while he was in residence. He also requested the Dixon Correctional Center records office allow him to challenge the description directly with the ISP Bureau of Identification. Plaintiff stated DOC did not submit a fingerprint card and request to ISP for him to challenge his Criminal History Records Information System

- 2 -

(CHRIS) record, despite his request. Plaintiff also submitted grievances relating to the description of his conviction, but the grievances were denied.

¶ 9        Plaintiff alleged it was the nondiscretionary duty of DOC and ISP to maintain complete and accurate criminal records. As relief, plaintiff requested (1) DOC "correct the inaccurate information by omitting 'predatory' and 'agg sex' or similar language in the plaintiff's master file, its records, and on its website and to only report 'Indecent Solicitation of a Child' " and (2) ISP similarly correct plaintiff's CHRIS record.

¶ 10                          B. Motion for Summary Judgment

¶ 11        In April 2023, defendants filed a motion for summary judgment, attaching several exhibits pertaining to the underlying criminal case. Defendants attached the information charging plaintiff, which stated plaintiff was charged with indecent solicitation of a child in that plaintiff, "a person of 17 year of age and upwards, with the intent that the offense of predatory criminal sexual assault be committed, knowingly solicited R.S., a child under the age of 17 years to perform an act of sexual penetration in violation of 5/11-5(a)." In the transcript from plaintiff's plea hearing, which defendants also included, the trial court confirmed plaintiff understood he was pleading guilty to indecent solicitation of a child, a Class 1 felony, and plaintiff confirmed his understanding. The court continued as follows:

> "So then you are prepared to admit today that on or about September 16th of the year 2005, you committed the offense of Indecent Solicitation of a Child when you, a person 17 years or older, with the intent that the offense of Predatory Criminal Sexual Assault be committed, knowingly solicited R.S., a child under the age of 17, to perform an act of sexual penetration in violation of Illinois law and that this occurred in Kendall County, Illinois?"

Plaintiff responded affirmatively.

¶ 12        Defendants noted indecent solicitation of a child is a Class 1 felony "when the act, if done, would be predatory criminal sexual assault of a child or aggravated criminal sexual assault." 720 ILCS 5/11-6(c)(1) (West 2004). Class 2 and Class 3 felonies, meanwhile, require the intended act to be criminal sexual assault and aggravated criminal sexual abuse, respectively. *Id.* § 11-6(c)(2), (c)(3).

¶ 13        Defendants argued plaintiff's guilty plea was an admission to all the facts alleged in the indictment, which are part of the offense charged. Therefore, DOC and ISP records were correct when describing plaintiff's conviction, as the description provides the offense and the required elements for the class of offense. Because the records were correct, plaintiff could not demonstrate a clear and affirmative right to relief. Irrelevant to this appeal, defendants also argued plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

¶ 14        Plaintiff responded to defendants' motion for summary judgment. In sum, plaintiff argued four points: (1) "Aggreveted [*sic*] Predatory Criminal Sexual Assault is non-existent in the Illinois compiled criminal statutes (a conviction of which would mean actual innocence)"; (2) "Aggreveted [*sic*] Criminal Sexual Assault is no where in the indecent solicitation Statute, Nor is 'Agg Sex' for that matter"; (3) "Aggreveted [*sic*] sex assault and predatory sex assault lumped in one conviction is unconstitutional"; and (4) "Such a statute that lumps together such crimes violates the Single Subject Rule, and One act one crime Doctrines or the U.S. and Illinois constitutions, which Plaintiff can challenge anytime."

¶ 15        In December 2023, the trial court held a hearing on the State's motion. After hearing the parties' general arguments, the court elected to review the statute with the parties as follows:

"THE COURT: Let's walk through the statute. Because it seems to me that the issue is whether there is any dispute of material fact or any question of law as to whether the description, which is indecent SOL, slash, predatory, slash, agg sex, accurately describes the offense that [plaintiff] was convicted of.

And again, as I understand it, under section 720 ILCS 5/11-6, indecent solicitation of a child can be committed in four basic ways. Three of those involve knowingly soliciting a child to perform an act of sexual penetration or sexual conduct, and those are the offenses generally described in (6)(a).

* * *

*** [O]ne of those three, involves discussing matters of a sexual nature with a child over the Internet; and then three involve sexual conduct, and then they're broken down further.

And under 6(c)(1), it's a Class 1 felony if the defendant has an intent to commit predatory criminal sexual assault or aggravated criminal sexual assault.

And then (6)(c)(2) says it's a Class 2 felony if the defendant has an intent to commit a criminal sexual assault.

And under (6)(c)(3), it's a Class 3 felony if the defendant has an intent to commit aggravated criminal sexual abuse.

* * *

*** Then there is another one in (6)(c)(1) about discussing the matters of a sexual nature, and that's the Class 4 felony.

And [plaintiff] pled guilty to and was convicted of the Class 1 felony, right?

MS. KRAMER: Yes, Your Honor.

THE COURT: [Plaintiff]?

[THE PLAINTIFF]: Yes.

THE COURT: Okay. And so then for [DOC] to describe that ***, the indecent SOL part of it obviously describes the offense, and the predatory and agg sex describes the intent that makes it a Class 1 felony.

Is that where we are?

MS. KRAMER: Yes.

THE COURT: And then, [plaintiff], how is that wrong?

[THE PLAINTIFF]: Well, this was not part of the plea agreement for me to plead guilty to an intent to aggravated sexual assault.

THE COURT: Well , again *** that might be, but that's been litigated somewhere else. The only issue before me is whether [DOC] and ISP are correctly describing the Class 1 felony that you were convicted of."

The court granted defendants' motion, stating it believed "that under (6)(c)(1) that the defendants have accurately described that offense. And again, I understand [plaintiff] doesn't think that's what he pled guilty to, but again, I don't think that's the issue today."

¶ 16       This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18       On appeal, plaintiff contends the trial court erred in granting defendants' motion for summary judgment. Specifically, plaintiff contends (1) the description of his offense was inaccurate or (2) in the alternative, if the description is accurate, the statute under which he was convicted is unconstitutional because it allows for conviction for uncharged offenses.

- 6 -

¶ 19                                    A. Standard of Review

¶ 20            Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). Because summary judgment is a drastic measure, it should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). All pleadings, depositions, admissions, and affidavits are construed against the moving party in determining whether there is a genuine issue of material fact. *Id.* at 131-32. Summary judgment in favor of a defendant is appropriate where the plaintiff has failed to establish an essential element of the cause of action. *Rogers v. Matanda, Inc.*, 393 Ill. App. 3d 521, 526 (2009). Appellate courts review grants of summary judgment *de novo*. *Hutson v. Pate*, 2022 IL App (4th) 210696, ¶ 37.

¶ 21            *Mandamus* is an extraordinary remedy, compelling a public official to perform a purely ministerial act that does not involve the exercise of discretion. *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 16. To obtain *mandamus* relief, a plaintiff must establish (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority of the public official to comply. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 15.

¶ 22            B. The Accuracy of the Description of Plaintiff's Conviction

¶ 23            In defendants' motion for summary judgment, and on appeal, they argue the description of plaintiff's conviction is accurate, and he therefore cannot establish a clear right to the requested relief.

¶ 24            Here, plaintiff pleaded guilty to indecent solicitation of a child (720 ILCS 5/11-6(a) (West 2004)), a Class 1 felony. Class 1 indecent solicitation of a child occurs "when the act,

- 7 -

if done, would be predatory criminal sexual assault of a child or aggravated criminal sexual assault." *Id.* § 11-6(c)(1). This distinguishes the Class 1 felony from Class 2 indecent solicitation, wherein "the act, if done, would be criminal sexual assault," and Class 3 indecent solicitation, wherein "the act, if done, would be aggravated criminal sexual abuse." *Id.* § 11-6(c)(2), (c)(3).

¶ 25 The description of the offense in plaintiff's verification of incarceration is "INDECENT SOL/PREDATORY/AGGSEX." The first part of the description clearly refers to the overall offense of indecent solicitation of a child. However, to distinguish Class 1 indecent solicitation from the other classes of felonies, the description includes a reference to the offenses a defendant is alleged to have intended to commit, namely, predatory criminal sexual assault of a child or aggravated criminal sexual assault. To omit these descriptions would omit what distinguishes plaintiff's offense from other indecent solicitation offenses. The description of plaintiff's offense matches the statute and is therefore an accurate description of Class 1 indecent solicitation of a child. As there is nothing to change in the description of his conviction, plaintiff cannot establish a clear right to effective relief. See *Carlson*, 2016 IL 120544, ¶ 15.

¶ 26 C. Plaintiff's Plea Agreement

¶ 27 Plaintiff agrees he pleaded guilty to a Class 1 felony. However, he contends his plea agreement required all reference to the "predatory" or "aggravated" elements of the offense be omitted. Therefore, even if the description is accurate for Class 1 indecent solicitation generally, the description deprives plaintiff of the benefits of his plea bargain. Plaintiff's argument is unpersuasive.

¶ 28 First, "[w]hen a plea of guilty is fairly and understandingly made, it admits every material fact alleged in the indictment and *all the elements of the crime* with which an accused is legally charged." (Emphasis added.) *People v. Wilfong*, 19 Ill. 2d 406, 409 (1960). Plaintiff is

alleging he pleaded guilty to Class 1 indecent solicitation of a child but not the element of the offense which makes it a Class 1 felony. This idea is inconsistent with the very concept of a guilty plea.

¶ 29    Second, plaintiff's contention is directly contracted by the record. When plaintiff pleaded guilty to the instant offense, no mention was made of removing any predatory or aggravating elements of the offense as part of the plea agreement. The trial court addressed the predatory element of the offense as follows:

> "So then you are prepared to admit today \*\*\* you committed the offense of Indecent Solicitation of a Child when you, a person 17 years or older, *with the intent that the offense of Predatory Criminal Sexual Assault be committed*, knowingly solicited R.S., a child under the age of 17, to perform an act of sexual penetration in violation of Illinois law \*\*\*?" (Emphasis added.)

Plaintiff answered in the affirmative. He made no move to correct the court on the predatory element, nor was the removal of the predatory language included in his discussion of the terms of his agreement.

¶ 30    It is possible plaintiff misunderstood the terms of his plea agreement. However, that is not a claim cognizable under a *mandamus* action. See *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 23 (*Mandamus* cannot be used to " 'correct, direct[,] or control the action of a judge in any matter which he has jurisdiction to decide' " or " 'to circumvent the normal appellate process.' ") (quoting *People ex rel. Foreman v. Nash*, 118 Ill. 2d 90, 96-97 (1987)). We will not relitigate plaintiff's guilty plea here.

¶ 31    D. Due Process

¶ 32    Finally, plaintiff argues, if the description of his conviction accurately reflects his

conviction, then "the statute is unconstitutional if it is so jarbled [*sic*] together that it allows for convictions on uncharged offenses."

¶ 33        Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to contain the appellant's argument, with citation to authority and the pages of the record relied on. The rule further provides, "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.* The rules governing briefs are not "mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). Their purpose is "to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 34        Here, plaintiff provides no citations or argument to explain how the statute is garbled. Rather, plaintiff asks this court, "What other inference can be drawn" from the record of his conviction then that he was convicted of indecent solicitation with intent to commit predatory criminal sexual assault *and* indecent solicitation with intent to commit aggravated criminal sexual assault?

¶ 35        Plaintiff's forfeiture aside, because plaintiff has a single conviction for Class 1 indecent solicitation, the inference is clear he was convicted of indecent solicitation with intent to commit predatory criminal sexual assault *or* aggravated criminal sexual assault. As such, we need not entertain plaintiff's forfeited and conclusory due-process claim.

¶ 36                        III. CONCLUSION

¶ 37        For the reasons stated, we affirm the trial court's judgment.

¶ 38        Affirmed.